EUGENE ERNEST HESS V. STATE.

No. 30,905. June 24, 1959.
Motion for Rehearing Overruled November 4, 1959.

*Ralph Chambers*, Houston, for appellant.

*Dan Walton*, District Attorney, *Thomas D. White, Samuel H. Robertson, Jr., Howell E. Stone*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The offense is robbery by assault; the punishment, life imprisonment.

The state's evidence shows that the prosecuting witness, Doris Orsak, was a cashier in a Walgreen Drug Store in the city of Houston. On the night in question a man whom she positively identified as the appellant came into the store and handed her a note which read "This is a stick-up." Appellant then exhibited a pistol, pointed it at the prosecuting witness and told her he wanted all the money from "one to twenties." Thereupon at the point of the gun, she gave the appellant all the bills and some checks from the cash register in the approximate amount of $300. Appellant then left the store.

The state's evidence further shows that appellant came to the drug store in a taxi cab in which he had been riding for approximately an hour and forty-five minutes before the robbery during which time he had compelled the taxi cab driver, at the point of a gun, to drive him from place to place in the city while he planned the robbery. It was further shown that

as the appellant fled from the building after the robbery he was commanded to stop by an officer, but proceeded to flee and after the officer fired twice with his pistol the appellant returned the fire one time. Appellant was next seen in the apartment of a man some two blocks from the scene of the robbery where he remained for about an hour during which time he exhibited a pistol, extracted an empty shell therefrom and told the occupant of the apartment that he was a "stick-up" man and that he had held up Walgreen's. Appellant then left the apartment, taking the man with him, and was apprehended and arrested after he had been seen walking on the sidewalk and was again pursued and shot at by the officers. Following his arrest the officers found a .38 calibre revolver where appellant stated he had thrown it in some bushes. In the search of his person the officers found in his pockets money and three checks in the total amount of $342.45. The checks were identified as having been taken in the robbery. Appellant did not testify.

Appellant's sole contention is that the trial court erred in refusing to grant a mistrial after state's counsel, in his opening argument to the jury, stated:

"Don't show this mad dog any consideration whatsoever."

It is shown by the bill of exception that upon appellant's objection to the remark and motion for mistrial on the ground that the same was improper and prejudicial, the court stated that the jury had heard the evidence, instructed the prosecutor to "stay within the record" and overruled the motion for mistrial.

Appellant insists that the remark was such personal abuse of him by the prosecutor and so prejudicial that the court should have granted a mistrial.

Is is a well recognized rule that forbids argument on the part of a prosecutor which is abusive or inflammatory, it having been said in Stevison v. State, 48 Texas Cr. Rep. 601, 89 S.W. 1072, that "abuse is not argument and vituperation is not logic," and in Mikeska v. State, 79 Texas Cr. Rep. 109, 182 S.W. 1127, that "vituperation and personal abuse of a person on trial, calculated to inflame the passions and prejudice of a jury, disconnected with the trial, is highly improper and will not be tolerated."

The question as to whether the statements of counsel neces-

sitate a reversal of the judgment is to be resolved in view of the probable effect thereof on the minds of the jury, and the facts and surroundings of the particular case must be looked to. 42 Texas Jur., par. 236, page 303; Torrans v. State, 98 Texas Cr. Rep. 298, 265 S.W. 560; Silver v. State, 110 Texas Cr. Rep. 512, 8 S. W. 2d 144, and Phillips v. State, 139 Texas Cr. Rep. 574, 141 S.W. 2d 371.

In passing upon the question of the prejudicial effect of statements made by prosecutors in oral argument it has been held that a reference to the accused as "a cold-blooded brute," and "an animal," although improper, under the facts and circumstances in the case, did not present reversible error. Borders v. State, 72 Texas Cr. Rep. 135, 161 S.W. 483. In Torrans v. State, supra, a reference to the accused as being "lower than dogs," although improper, was held not to call for a reversal,· and in Phillips v. State, supra, a reference to the accused as "a beast" was also held not to require a reversal of the conviction. In Jackson v. State, 118 Texas Cr. Rep. 443, 42 S.W. 2d 433, where the conviction was for murder and the death penalty assessed, it was held that reference to the accused as "a beast, a black murderer" was not calculated, in the light of the evidence, to illegally affect the rights of the accused and did not present reversible error.

The evidence in the present case clearly shows the appellant's guilt of robbery as charged in the indictment.

Under the facts and circumstances here shown, we hold that such argument does not present reversible error.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.