Garfield MORRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 41516.

Court of Criminal Appeals of Texas.

Oct. 23, 1968.

Stanley I. Weinberg, Dallas, by appointment on appeal only, for appellant.

Henry Wade, Dist. Atty., John H. Stauffer, Al Walvoord, Camille Elliott, Malcolm Dade and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is Robbery by assault; the punishment, life.

Appellant's first ground of error is that the court erred in not stopping the trial on his own initiative and granting the accused a hearing on the question of his sanity when, after the jury returned their finding of guilt, the appellant refused to elect whether the judge or the jury should assess his punishment. There evidently had been some question raised prior to the instant trial as to appellant's competency because the record reflects that a prior conviction had been set aside by the trial court and a psychiatrist was appointed by the court. He reported to the court that he could find no evidence of a psychiatric condition and concluded that appellant was malingering, was able to help his attorney in the preparation of his defense and knew the difference

between right and wrong and the consequence of his behavior. Such report was filed with records of the court and appellant's counsel stated that he had nothing further to argue at that time. This occurred at the beginning of the instant trial.

We have examined the colloquy between the court, the appellant and his counsel at the time the matter of setting the punishment came up when appellant said that he wanted neither the court nor the jury to assess his punishment and we do not agree that the court erred in failing to halt the trial and conduct an inquiry as to appellant's competency to stand trial. In the face of his refusal to elect, the trial court properly heard the evidence as to the prior conviction and set the punishment.

Appellant's second ground of error, if we properly construe it, is that the court erred in permitting the injured party to testify without objection that he identified appellant at the police station immediately prior to the line-up, as well as at the line-up. In the case at bar, as in our recent opinion in Graham v. State, 422 S.W.2d 922, there was an entire absence of any showing of suggestive influence by the police causing the witness to select appellant from the other men at the police station.

Appellant's third ground of error arises out of the argument of the prosecutor in which he indirectly referred to appellant as an "animal". When an objection was made the prosecutor asked that the reference be withdrawn and the court promptly instructed the jury not to consider the same. Appellant failed to receive a ruling from the court on his motion for mistrial and we have concluded under the holding of this court in Hess v. State, 168 Tex.Cr. R. 425, 328 S.W.2d 308, reversible error is not here reflected.

Appellant's last ground of error refers to argument of the prosecutor which could be interpreted as a statement of his own knowledge of the accuracy of a detective's testimony. A general objection was made and was by the court sustained.

We find no reversible error in the argument.

The judgment of the trial court is affirmed.