**Joe Lewis SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42908.**

Court of Criminal Appeals of Texas.

June 2, 1970.

Rehearing Denied July 15, 1970.

David F. Farris, Fort Worth (Court appointed) for appellant.

Frank Coffey, Dist. Atty., Truman Power, Rufus Adcock and Grant Liser, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

Tried upon an indictment alleging robbery with firearms of Manuel Martinez, Jr., appellant was found guilty and the jury assessed his punishment at 20 years in the penitentiary.

The sole ground of error complains: "The court erred in admitting into evidence testimony of Officer Britt, concerning the arrest of appellant, appellant's ap-

pearance at the time of his arrest and the contents of appellant's automobile found in the search of that automobile by the officers at the time of the arrest."

The prosecuting witness, employed at Church's Fried Chicken on East Rosedale in Ft. Worth, identified appellant as the man who entered the place of business about 1:45 A.M.; exhibited a pistol and forced him to empty the contents of the cash register into a paper bag; took a sawed off shotgun which was kept under the counter; ordered him to lie face down on the floor and left with between $275 and $300 in money, a check from the cash register, and the shotgun.

Martinez reported the robbery a few seconds after appellant and his companion left.

Police Officer J. R. Britt testified that he was driving a patrol car in the area. He had received a radio report and was looking for two specific subjects. Some five blocks from the scene of the robbery his attention was directed to an automobile with occupants which fit the description of the two particular people he was looking for.

The car, traveling on the inside lane on Rosedale, made a right turn off Rosedale, crossing the outside lane. Officer Britt followed the car and stopped it within the next block.

Officer Britt identified appellant as the driver of the car and testified that he and another occupant of the car fit the description he had received.

Officer Britt asked appellant for his driver's license and appellant replied that he had none. Officer Britt observed the butt of a shotgun or rifle "sticking from under the seat on the right hand side" and radioed for assistance. After placing appellant and the other occupant of the car under arrest, a sawed off shotgun was found under the seat of the car. A white paper bag containing $271.00 in money and a check was also found in the car.

The shotgun, which had been marked as State's Exhibit No. 1, and the check in the sum of $15.00 payable to "Church's Chicken," which had been marked as State's Exhibit No. 2, both of which had been identified by the prosecuting witness Manuel Martinez, Jr. in his testimony as property taken in the robbery, were offered in evidence.

■ All of the foregoing evidence was admitted without objection. In fact, the record reflects that when the State's Exhibits 1 and 2 were offered in evidence appellant's counsel stated "No objection, Your Honor."

During the cross-examination of Officer Britt the question of the admissibility of the testimony concerning the arrest and search was presented by motion to suppress such testimony.

The trial court did not err in overruling such motion.

■ In addition to the fact that the evidence was admitted without objection and the Exhibits were admitted after objection was affirmatively waived by appellant's counsel, and the fact that the motion to suppress the evidence came too late, we do not agree with appellant's contention that the arrest of appellant was invalid or that the search was made in violation of appellant's right to be secure from unlawful search and seizure.

The officer had authority under the statute to arrest appellant for the traffic law violation and for driving the car without the required license. Art. 6701d, Sec. 153, Vernon's Ann.Civ.St.; Art. 14.03 Vernon's Ann. C.C.P.

He also had probable cause to stop the car in which two robbery suspects were believed to be riding, and under the facts had probable cause to arrest appellant and search the automobile. Art. 14.03, supra;

Art. 14.04 V.A.C.C.P.; Houston v. State, Tex.Cr.App., 428 S.W.2d 353; Denham v. State, Tex.Cr.App., 428 S.W.2d 814; Byrd v. State, Tex.Cr.App., 447 S.W.2d 936.

The judgment is affirmed.