**Emilio VALDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43334.**

Court of Criminal Appeals of Texas.

Dec. 16, 1970.

Rehearing Denied Feb. 3, 1971.

---

Esir Tobolowsky, James H. Martin, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, W. T. Westmoreland, Jr., Edgar A. Mason and Harry J. Schulz, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is unlawfully breaking and entering an automobile with intent to commit theft (Art. 1404b Vernon's Ann.P.C.); the punishment, two years.

Trial was before a jury on a plea of not guilty and the jury assessed the punishment.

Paul Vega and Oscar Lopez Torres were jointly indicted with appellant, but appellant was separately tried.

■ Appellant's first three grounds of error relate to the sufficiency of the evidence to sustain the conviction.

The court charged on the law of principals and on circumstantial evidence.

Viewed from the standpoint most favorable to the state, the evidence reflects the following:

Milton Barath, the complaining witness, parked and locked his automobile at the Garden Oaks Apartments in Irving, Dallas County, where he lived, about 11 P.M. on March 20, 1969. When he returned to his car at 7 o'clock the next morning it was still locked, but the "tachometer" that had been part of his car's "console" and a seat cushion which had been in the car the night before were missing. The owner, Barath, gave no one permission to enter the motor vehicle or to take any property therefrom.

About 1:45 A.M. on said night James V. Blair, then a police officer of the City of Irving, saw a car traveling at 45 miles per hour in a 30 mile an hour speed zone. Some ten minutes earlier Officer Blair had received a radio broadcast which stated that occupants of a car which matched the description of the speeding car had been seen attempting to break into a motor vehicle at the Plymouth Arms Apartments. As he was stopping the speeding car the officer saw the passenger in the right front seat (which proved to be appellant Emilio Valdez) "* * * leaned forward * * * like he was trying to put something under the driver's section of the seat."

When the car stopped, Oscar Torres, the driver, immediately got out of his car and walked fast back to the squad car.

As he approached the car in which appellant was seated, after checking the license of the driver Torres, the officer noticed some gear shift knobs, sun glasses, stereo tapes and a stereo tape deck in between the driver and passenger seats of the car.

The "tachometer," which was later identified by Milton Barath as that missing from his locked car, was found under or partially under the front seat of the car where appellant was seated. In addition to the tachometer, there was found in the car in which appellant was riding a screw driver and a knife (under the driver's seat), a license plate, an automobile thermometer, seven or eight gear shift knobs, six or seven stereo tapes, about five pairs of sun glasses and a stereo tape deck with dangling wires.

The evidence is sufficient to show that appellant was in possession of the recently stolen tachometer taken from the locked automobile, which property could not have been removed from the owner's car without a breaking and entry.

■ Possession of recently stolen property taken from the locked vehicle is sufficient to support a conviction for the offense charged in the indictment. Cohron

v. State, Tex.Cr.App., 413 S.W.2d 112; Sharp v. State, Tex.Cr.App., 421 S.W.2d 663; Sullivan v. State, Tex.Cr.App., 433 S.W.2d 904.

Grounds of error one, two and three are overruled.

■ Ground of error No. 4 relates to the display of the items described and identified by the arresting officer as taken out of the automobile in which appellant was riding, before the jury during the trial and arguments, said items not having been introduced in evidence, and not being in any way connected with the automobile alleged to have been broken into.

The arresting officer described and identified the items in his testimony before the jury without objection. The fact that the items mentioned were not formally introduced in evidence as exhibits did not render the display of them before the jury error.

■ Ground of error No. 5 relates to the cross-examination of appellant at the guilt or innocence stage of the trial wherein he was asked and answered:

"Q. Are you the same Emilio Valdez that is currently on probation in this county for the felony offense of joy riding? * * *

"A. Yes, Sir."

The fact that the defendant, or any other witness in a criminal case, has been placed on probation in a felony case and the period of probation has not expired may be shown for the purpose of impeaching him as a witness. Art. 38.29 Vernon's Ann.C.C.P. See Smith v. State, Tex.Cr.App., 455 S.W.2d 282; Rayford v. State, Tex.Cr.App., 423 S.W.2d 300.

■ Ground of error No. 6 complains that the court erred in overruling his motion to suppress evidence which motion was timely filed in this case.

The testimony of the arresting officer reflects that there was no illegal arrest or search of appellant or of the car in which he was riding with the stolen tachometer at his feet. See Byrd v. State, Tex.Cr.App., 447 S.W.2d 936; Denham v. State, Tex.Cr.App., 428 S.W.2d 814; Houston v. State, Tex.Cr.App., 428 S.W.2d 353; Smith v. State, Tex.Cr.App., 456 S.W.2d 90 (decided June 2, 1970).

■ Ground of error No. 7 complains: "The Court erred in instructing the jury with reference to defendant drinking beer, over defendant's timely objection, because such instruction was on the weight of the evidence and prejudicial to defendant."

Appellant denied having committed or participated in the commission of an offense and testified that he was asleep in the car. He also testified that he and his companions had been drinking and that he was drunk on the night in question.

The charge of the court included the instruction:

"You are further instructed that there is some evidence in this case that defendant prior to his arrest had been drinking beer. You are instructed that intoxication produced by the voluntary recent use of ardent spirits is not an excuse for the commission of crime and can not be used as a defense on the issue of one's guilt, if any, of the offense for which he is charged."

In view of the evidence, the court did not reversibly err in so charging the jury. Art. 36 V.A.P.C.; Kincheloe v. State, 146 Tex.Cr.R. 414, 175 S.W.2d 593.

■ Ground of error No. 8 relates to argument in which counsel for the state remarked "I tell you what we have here is a band of thieves, expert thieves out there breaking into automobiles."

The evidence not only showed appellant and his companions in possession of property recently stolen, but of property taken from a locked car, leaving it locked and

**28**

without a scratch or mark other than where the tachometer had been pried out of the console between the front seats.

Under the record the remarks of counsel found support in the evidence, and do not constitute reversible error. See Hoover v. State, Tex.Cr.App., 449 S.W.2d 60; Gauntt v. State, 169 Tex.Cr.R. 520, 335 S.W.2d 616; Hess v. State, 168 Tex.Cr.R. 425, 328 S.W.2d 308; Jackson v. State, 118 Tex.Cr.R. 443, 42 S.W.2d 433.

 The remaining ground of error which complains that the court erred in admitting the tachometer into evidence is without merit.

The judgment is affirmed.