Al Clyde, Fort Worth, for appellant.

Frank Coffey, George McManus, G. Grant Liser, and R. W. Crampton, Asst. Dist. Atty., Fort Worth, and Jim D. Vollers State's Atty., Austin, for the State.

**Charles Lannis MOSES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43503.**

Court of Criminal Appeals of Texas.

March 10, 1971.

OPINION

ODOM, Judge.

The offense is burglary. The punishment was assessed by a jury at 12 years.

The state's evidence reflects that on December 23, 1968, at approximately 3:40 A.M., Officer O. L. Elliott, of the Haltom City Police, was patrolling in a business-residential area of the city when he saw a Ford panel truck coming from behind some buildings without its lights on. The officer testified that he stopped the truck because his suspicions were aroused, the record reflecting the following:

"Q. All right. In route (sic) patrol at that address, did you see anything unusual?

"A. Yes, sir.

"Q. Will you tell the jury what that is, please?

"A. I saw a vehicle coming from behind the buildings without its lights on.

"Q. All right, sir. And did you tell us what time of day that was?

"A. No, sir, it was around 4:30, correction, 3:40.

"Q. 3:40?

"A. Yes, sir.

"Q. Is that night time or day time?

"A. It's A.M."

The officer testified that he stopped the vehicle, approached it and: "I spoke to him. I saw certain objects in the vehicle and that aroused my suspicion." When asked what he saw, he stated: "Pillow, pair of gloves, acetylene cutting torch and bottle, floor jack, trouble light, various objects." After viewing this, the officer arrested appellant and searched him, finding in his pockets "a large amount of change and some inspection stickers." The officer then " * * * went back to check the buildings in this particular area," and discovered that an automobile repair shop had been burglarized; that the coke box had been pried open, and numerous articles had been removed from within the building. The automobile inspection stickers were later identified by the owner of the repair shop. The evidence was sufficient to support the jury's verdict. Thomas v. State, Tex.Cr.App., 459 S.W.2d 842, 843; Rodriguez v. State, Tex.Cr.App., 417 S.W. 2d 165; Edmonds v. State, Tex.Cr.App., 407 S.W.2d 783.

■ Appellant complains of the legality of the arrest, the search of the panel truck, and of his person.

Operation of his truck without lights would have been sufficient cause for the officer to stop appellant. However, in addition, the suspicions of the officer were aroused by the time and place of such conduct. A glance by the officer into the truck confirmed his suspicions. The arrest and search followed.

Article 14.03 Vernon's Ann.C.C.P. provides:

"Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

See Baity v. State, Tex.Cr.App., 455 S.W. 2d 305; Denham v. State, Tex.Cr.App., 428 S.W.2d 814; Corbin v. State, Tex.Cr.App., 426 S.W.2d 238.

We hold that the arrest was lawful and there was probable cause for the subsequent search of appellant and the truck. Newhouse v. State, Tex.Cr.App., 446 S.W. 2d 697; Taylor v. State, Tex.Cr.App., 421 S.W.2d 403; Chambler v. State, Tex.Cr. App., 416 S.W.2d 826.

■ Appellant next contends that the court erred by denying his motion for a mistrial, after objection to jury argument was sustained. The remark objected to was: "You can tell that this defendant is not a young man; this defendant is a professional burglar." The court instructed the jury not to consider it for any purpose. Therefore, the error, if any, was cured. This court, in Valdez v. State, Tex. Cr.App., 462 S.W.2d 24, held that the remark: "I tell you what we have here is a band of thieves, expert thieves out there breaking into automobiles," made by state's counsel during jury argument, was not error. See also Hoover v. State, Tex.Cr. App., 449 S.W.2d 60; Gauntt v. State, 169 Tex.Cr.R. 520, 335 S.W.2d 616; Hess v. State, 168 Tex.Cr.R. 425, 328 S.W.2d 308.

In a pro se brief, appellant complains of incompetent counsel. We overrule this contention and find that he was adequately represented.

The judgment is affirmed.