**William Keith CARRUTH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–81–0026–CR.**

Court of Appeals of Texas, Amarillo.

Feb. 12, 1982.

Bob Jones, Lubbock, for appellant.

John T. Montford, Crim. Dist. Atty., Jim B. Darnell, Asst. Crim. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C. J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

Finding appellant William Keith Carruth guilty of the felony offense of aggravated rape, the jury assessed his punishment at confinement for 30 years in the Texas Department of Corrections. Appellant's contentions of trial error furnish no basis for reversal; accordingly, we affirm.

Inasmuch as the sufficiency of the evidence to sustain the conviction is not challenged, a detailed recitation of the facts is unnecessary. Suffice it to record that the prosecutrix testified she was getting into her car in the parking lot of the Town Draw, a bar in Lubbock, when appellant sat down in the driver's seat with her, put a knife to her throat and compelled her to disrobe. Appellant then drove to a cotton field where he had intercourse with the prosecutrix several times without her consent and forced her to perform oral sex.

As daylight approached, appellant drove the prosecutrix into Lubbock. When he stopped at a stop sign, she fled from the car to a police car stopped behind them. She reported the events to the officer, who took appellant into custody.

Appellant, testifying in his defense, stated that the prosecutrix "picked him up" and suggested that they go somewhere. He admitted having intercourse with her, but claimed that the acts were consensual.

■ Four years before appellant committed the aggravated rape found by the jury, he had been convicted of the felony offense of burglary of a vehicle; but, in lieu of having sentence imposed for the punishment assessed, appellant was placed on probation for six years. He initially contends on appeal that the trial court erred in denying his motion in limine to allow him to testify at the guilt stage free from impeachment by his prior probation.

Appellant asserts that as a result of the court's ruling, he was faced with the dilemma of testifying in his own behalf and being prejudiced by his prior probation or of remaining silent and being prejudiced by such silence. He elected to testify and, so he declares, was forced to admit his probation on direct examination only to prevent the State from bringing it out on cross-examination, thereby subjecting him to undue prejudice.

The State has not contested appellant's preservation of this matter for appellate review. Compare 3 M. Teague and B. Helft, Texas Criminal Practice Guide § 73.-

01[1][a] (1981), with Norman v. State, 523 S.W.2d 699, 672–73 (Onion, P. J., concurring) (Tex.Cr.App.), cert. denied, 423 U.S. 930, 96 S.Ct. 280, 46 L.Ed.2d 259 (1975), with Poore v. State, 524 S.W.2d 294, 295 (Tex.Cr.App.1975), and with Riojas v. State, 530 S.W.2d 298, 301 (Tex.Cr.App.1975). So assuming, arguendo, that the ground of error is properly before us, we detect no error.

Appellant recognizes that Tex.Code Crim. Pro.Ann. art. 38.29 (Vernon 1979) sanctions the use of a defendant's unexpired probation for impeachment when he testifies; yet, he argues that in this cause the court abused its discretion by not applying the factors enumerated in Davis v. State, 545 S.W.2d 147, 150 (Tex.Cr.App.1976), to grant his motion. However, the Davis factors are considerations for determining whether a prior conviction is too remote to be admissible for impeachment, not criteria for judging whether, as appellant complains, the prejudicial effect of admitting his unexpired probation outweighs its probative value on his credibility.

Moreover, given the general rule that when an accused testifies as a witness at the trial on the merits, he may be cross-examined and impeached in the same manner as any other witness, Nichols v. State, 494 S.W.2d 830, 834 (Tex.Cr.App.1973), we do not perceive that the Davis considerations influence the statutory authorization to show the fact of the defendant's unexpired probation for the purpose of impeaching him as a witness. Article 38.29, supra; Valdez v. State, 462 S.W.2d 24, 27 (Tex.Cr.App. 1970). Furthermore, the adoption of appellant's position would have the practical effect of repealing Article 38.29, which, of course, the courts cannot do. It follows that there was no abuse of discretion by the trial court in denying appellant's motion in limine. The first ground of error is overruled.

■ Appellant urges, by his second ground of error, that the court erred in overruling his motion for new trial based on newly discovered evidence which would support his defense of consent. The purported

newly discovered evidence was presented in the form of an affidavit by Mike Pickel, who was not present to testify at the hearing on the amended motion for new trial.

In his affidavit, Pickel stated that he frequented the Town Draw before the date of the aggravated rape, and "[o]n many occasions prior to [that date], I have seen a woman there whom I believe to be [the prosecutrix]." The affiant further stated that he "observed this woman's behavior, and in my opinion she has appeared to be flirting with many different men." The allegation was disputed by the testimony of the prosecutrix that on the occasions when she frequented the Town Draw, she never flirted with many different men.

 The Texas Code of Criminal Procedure Annotated (Vernon 1979) provides, in Article 40.03, the causes for which a new trial shall be granted in felony convictions, one of which is, pursuant to Section 6, where new evidence material to the defendant has been discovered since the trial. However, a motion for new trial predicated on newly discovered evidence is addressed to the sound discretion of the trial judge and, absent a showing of a clear abuse of discretion, his ruling thereon should not be disturbed on appeal. *Eddlemon v. State,* 591 S.W.2d 847, 849–50 (Tex.Cr.App.1979). To evince a clear abuse of discretion by the judge in denying a new trial for this cause, the appellant must present a record showing, among other requirements, that "(3) the new evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching, and (4) the new evidence is probably true and will probably bring about a different result on another trial." *Id.* at 849.

Under the record before us, the trial judge reasonably could view the affidavit's allegations as merely inadmissible original evidence which only could have been used to impeach the prosecutrix's trial testimony. In that event, the rule is succinctly stated in 1 Branch's Texas Ann. Penal Statutes § 2.03 at 174 (3d ed. 1974) to be that:

Newly-discovered testimony which would not be admissible as original evidence, but which could only be used to discredit or impeach the testimony of a witness who had testified on the trial of the case, is not ordinarily ground for a new trial, and the discretion of the trial court in refusing a new trial sought to obtain such testimony will not be revised on appeal.

 Furthermore, the record would support a finding that the affidavit's allegation of behavior imputed to the prosecutrix was not true and a different result probably would not have been reached had the evidence been produced at the trial. Where, as here, the truth of the new evidence is properly contested, the appellate court should not second-guess the judge, who is in the best position to decide the issue. *Eddlemon v. State, supra,* at 850. And additionally, the record would support the further finding that if the allegation of behavior is true, it merely is cumulative of appellant's trial testimony of consent.

A failure by appellant to establish any of the essential requirements for a new trial warrants the overruling of his new trial motion. *Collins v. State,* 548 S.W.2d 368, 380 (Tex.Cr.App.1976), *cert. denied,* 430 U.S. 959, 97 S.Ct. 1611, 51 L.Ed.2d 811 (1977). Hence, we cannot say that the trial court clearly abused its discretion in overruling appellant's motion for new trial. The second ground is overruled.

 By his third, and final, ground of error, appellant charges the court with double error in failing to grant him a new trial because of misconduct by witnesses. Acknowledging that neither of the two instances of alleged misconduct is a cause for which Article 40.03 authorizes a new trial, appellant urges that we consider the matters in the interest of a fair trial free from prejudice under the rule of *Todd v. State,* 93 Tex.Cr.R. 553, 248 S.W. 695, 697 (1923).

Appellant notes that pursuant to Tex. Code Crim.Pro.Ann. art. 36.06 (Vernon 1981), the court instructed the witnesses that, *inter alia,* they were not to discuss the case among themselves or in the presence of other witnesses. He refers to the testimonial declarations of two witnesses in sup-

**868** 

port of his new trial motion, his grandmother and his sister, that the prosecutrix's husband and a volunteer at the Rape Crisis Center, both witnesses at the trial, discussed matters pertaining to his case. He then suggests it is very likely that the conversations influenced the testimony of the Rape Crisis Center volunteer by reason of her "new-found acquaintance" with the prosecutrix's husband.

The sister of appellant also testified that the prosecutrix, her husband and the Rape Crisis Center volunteer sat in the hall when the jury filed in and out past them. The sister further stated that the three witnesses talked a lot, and the prosecutrix wiped her face and eyes with tissues, but no witnesses verbally communicated with the jurors. From this, appellant submits that the jurors were so prejudiced they were unable to afford him a fair and impartial trial.

After accounting for the unavailability of the prosecutrix's husband as a witness, the State called the prosecutrix and the Rape Crisis Center volunteer. The latter affirmed that she understood and followed the court's instructions; she denied that she ever discussed the facts of the case with either the prosecutrix's husband or any other witness. She stated that she did not communicate with any jurors, and she did not remember the prosecutrix crying or wiping her eyes with a tissue while she was in the hall. Nothing that happened, she concluded, materially affected her testimony.

The prosecutrix remembered and understood the court's instructions as to her conduct. She further testified, without challenge, that she did not talk about the facts of the case with any other witness, did not observe her husband or the Rape Crisis Center volunteer do so, and she did not ever communicate with any of the jurors.

The case appellant relies upon for consideration of the two foregoing instances as causes for a new trial contains these comments pertinent to the matters:

The truth of the averments in the motion for new trial was a question of fact within the purview of the trial judge.

We understand the rule controlling such matters to be that, when the evidence is conflicting or the credibility of the witnesses impeached, the decision of the trial judge must prevail.

*Todd v. State, supra,* at 698. Thus, the trial judge's findings will not be disturbed on appeal absent the showing of an abuse of discretion, *Jones v. State,* 596 S.W.2d 134, 138 (Tex.Cr.App.1980); and where, as here, there is conflicting evidence, there is no abuse of discretion in overruling the motion for new trial. *Moreno v. State,* 587 S.W.2d 405, 412 (Tex.Cr.App.1979). Appellant's third ground is overruled.

The judgment is affirmed.