**Affirmed as Reformed and Opinion Filed April 3, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01397-CR

**LUCIANO PATINO VILLEGAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-56027-W**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Bridges

Luciano Patino Villegas appeals his conviction for possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams. A jury convicted appellant, and the trial judge sentenced him to twenty years' confinement.[1] In three points of error, appellant argues the trial court erred in denying his motion to suppress, the judgment inaccurately reflects the jury assessed punishment in this case, and the evidence is insufficient to support the trial court's assessment of $304 in court costs. As reformed, we affirm the trial court's judgment.

Without objection, Dallas police officer Nathan Swyers testified he was assigned on the night of May 31, 2011 to a deployment unit serving an arrest warrant on appellant at appellant's

---

[1] The record contains evidence of prior convictions for prostitution, prescription fraud, failure to stop and render aid, two aggravated assaults with a deadly weapon, and two unauthorized use of a motor vehicle.

house.  Swyers knew there had been citizen complaints about narcotics activity at the house, and he was assigned to cover the backyard.  As he walked up the driveway, Swyers saw movement and turned on his flashlight, revealing appellant standing at the back of a pickup truck.  Appellant identified himself as the man police were looking for, and Swyers put him in handcuffs.  Swyers patted down appellant looking for weapons and passed custody of appellant to another officer.  In the bed of the pickup truck, Swyers saw a small digital scale, rubber gloves, and various small plastic baggies.  Swyers' training and experience, coupled with the citizen complaints, led him to believe there was "some possible narcotics packaging going on at that point in time."  At the front of the pickup truck, there was a barbecue "smoker type grill."  Swyers lifted the lid of the grill and saw a shoe box, which he also opened.  Inside was a plastic bag containing a clear Tupperware container with a red lid.  In the Tupperware container were what looked like "small, glass crystals" which Swyers believed were crystal methamphetamine.  The State subsequently introduced a report detailing the analysis of the methamphetamine and showing it amounted to ninety-four grams, "which is eighty percent purity."  When the report was offered into evidence "for all purposes," appellant's counsel stated he had "No objection."

Also without objection, Dallas police corporal Eric Lightle testified he had seven years' experience as a Dallas police officer and was present the night appellant was arrested.  As Lightle was knocking on appellant's door, an officer came over the radio saying "We have suspect in custody."  Officers escorted appellant out and said they had found drugs belonging to appellant and they were found in a grill that was nearby appellant.  Officers searched appellant in the front yard and found $7001 in cash on him.

The State introduced "for all purposes" the shoe box, the digital scale, and the plastic bag that had contained the Tupperware container.  The State introduced the Tupperware container for record purposes.  Appellant's counsel stated he had "No objection" to the introduction of the

evidence. The trial court admitted the evidence. Appellant's counsel then asked to approach the bench, the trial court sent out the jury, and appellant's counsel objected to the exhibits because they were obtained without a search warrant. Following a brief hearing on the matter, the trial court denied appellant's objection. Appellant's counsel did not file a written motion to suppress, but the trial court permitted appellant a running objection to the evidence. At the conclusion of trial, the jury convicted appellant, and this appeal followed.

In his first point of error, appellant argues the trial court erred in overruling his motion to suppress because the search of the barbecue grill exceeded the scope of a lawful search incident to arrest. To preserve error for appellate review, the complaining party must make a specific objection and obtain a ruling on the objection. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). In addition, the objection must be made at the earliest possible opportunity. *Id.* A defendant waives his right to complain on appeal of nearly all trial court error, including constitutional error, if he fails to object to the error at trial. *Aldrich v. State*, 104 S.W.3d 890, 894 (Tex. Crim. App. 2003). Appellant did not object to the arresting officer's testimony that after seeing a small digital scale, rubber gloves, and various small plastic baggies in the back of the pickup truck and considering the citizen complaints, the officer believed there was "some possible narcotics packaging going on at that point in time." Appellant still did not object to the officer's continued testimony that after seeing the barbecue "smoker type grill" at the front of the pickup truck he lifted the lid of the grill, then the lid of the shoe box, then opened the plastic bag containing the Tupperware container, then opened the red lid of the Tupperware container, and saw "small, glass crystals" which the officer believed were crystal methamphetamine. Only when the State offered the objects described by the officer did appellant's counsel object. On the same sequence of no objection to testimony followed by an oral motion to suppress, the court of criminal appeals decided the objection was waived. *Smith v. State*, 456 S.W.2d 90, 91 (Tex.

–3–

Crim. App. 1970). Accordingly, we conclude appellant waived any claim the evidence was inadmissible. *See id.*

We note that appellant's counsel had a reasonable basis not to object to the officer's testimony. Appellant does not contest the arrest warrant or the arresting officer's presence to arrest appellant at his pickup truck. The officer's inadvertent observation of the digital scale, gloves, and plastic bags in the open bed of the pickup truck could not be contested because they were in plain view. *See Horton v. California*, 496 U.S. 128, 135 (1990). The arresting officer's recognition of the objects as part of a crime in progress of re-packaging drugs for distribution lacked only one object: the drugs. It was, therefore, permissible for the officer to look in the barbecue grill immediately adjacent to the pickup truck for the missing evidence of the crime in progress. *See Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971). We overrule appellant's first point of error.

In his second issue, appellant contends the judgment should be reformed to properly reflect the trial judge assessed punishment in this case. The State agrees with appellant that the judgment should be reformed. Therefore, we order the trial court's judgment to be reformed to reflect the trial judge assessed punishment. *Estrada v. State*, 334 S.W.3d 57, 63 (Tex. App.—Dallas 2009) ("This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so.") (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd)).

In his third point of error, appellant argues there is insufficient evidence in the record to support the trial court's assessment of $304 in court costs. Appellant requests that we reform the judgment to delete the requirement that he pay court costs because the record does not contain a cost bill. After appellant filed his brief, however, the clerk's record was supplemented, and it

now contains a bill of costs. Specifically, the supplemental clerk's record contains a computer printout itemizing the costs assessed in the case and showing a total of $324 in court costs. The supplemental clerk's record also includes a bill of costs certification signed by the deputy district clerk and certified by the district clerk. Because the clerk's record now contains a cost bill that supports the costs assessed in the judgment, appellant's complaint that the evidence is insufficient to support the imposition of costs because the record does not contain a cost bill is moot. *See Johnson v. State*, No. PD-0193-13, 2014 WL 714736, at *4 (Tex. Crim. App. Feb. 26, 2014); *Coronel v. State*, 416 S.W.3d 550, 555 (Tex. App.—Dallas 2013, pet. ref'd). We overrule appellant's third point of error.

Appellant also filed an objection to the bill of costs in the supplemental clerk's record. He argues (1) the "unsigned, unsworn computer printouts" and "bill of costs certification" do not qualify as a proper bill of costs for purposes of article 103.001 of the code of criminal procedure and (2) the record does not indicate the computer printout was filed in the trial court or brought to the trial court's attention before the costs were entered into the judgment. We previously have addressed and overruled both of these arguments. *Coronel*, 416 S.W.3d at 555-56 (concluding supplemental record filed by clerk satisfies mandate of code of criminal procedure and there is no requirement that cost bill be presented to trial court at any time before judgment); *see also Johnson*, 2014 WL 714736, at *5-7 (concluding two pages of computer printout and certification signed by deputy clerk and seal of district clerk is "bill of costs for purposes of chapter 103" and "matters pertaining to the imposition of court costs need not be brought to the attention of the trial court, including a bill of costs prepared after a criminal trial"). Accordingly, we overrule appellant's objection to the cost bill contained in the supplemental record.

We also note that in his brief and his objection, appellant does not challenge the propriety or legality of the specific costs assessed. We therefore do not address those matters.

We reform the trial court's judgment to correctly reflect that the trial judge, not the jury, assessed punishment in this case.  As reformed, we affirm the trial court's judgment.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121397F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LUCIANO PATINO VILLEGAS, Appellant

No. 05-12-01397-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-56027-W.
Opinion delivered by Justice Bridges.
Justices Moseley and Evans participating.

       Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:
       The judgment is reformed to show the trial court assessed punishment in this case.
As **REFORMED**, the judgment is **AFFIRMED**.


Judgment entered April 3, 2014


       /David L. Bridges/
       DAVID L. BRIDGES
       JUSTICE