**Johnny Lerl COLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45013.**

Court of Criminal Appeals of Texas.

June 21, 1972.

Rehearing Denied Sept. 25, 1972.

Emmett Colvin, Jr., Norman Kinne, Dallas, for appellant.

Henry Wade, Dist. Atty., and Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault. Trial was held before a jury, which assessed punishment at confinement for one hundred and twenty-five years.

In his brief, appellant sets forth two grounds of error. In his first ground of error, he contends that the trial court erred in overruling his motion to suppress evidence and in admitting a shotgun and shotgun shell into evidence for the reason that the shotgun and shell were the fruits of an illegal search and seizure.

Prior to trial, a hearing was held on appellant's motion to suppress evidence. At the hearing, Wilkerson, a Dallas police officer, testified that about 7:00 a. m. on the morning of March 16, 1970, an informer came to the Dallas Police Department and told him that appellant had been involved in a robbery which occurred on March 11, 1970 (the instant case) and that he (appellant) was at a house on Fourth Street in Dallas and was preparing to leave immediately, and that appellant was going to participate in another robbery (apparently on the same day). The informant told the officer that appellant had committed the robbery in question with a shotgun and that appellant had a Buick automobile.

The officer testified that he had not received information from the informant in the past, and that the informant did not state how he had obtained his information that appellant had committed the rob-

bery and was planning to commit another robbery.

As a result of receiving this information, the officers, accompanied by two other Dallas police officers and three sheriff's deputies, went to the location on Fourth Street, arriving between 7:30 and 8:00 a. m. The officers went to the front door of the house, and announced that they were police officers. A woman inside answered, "Just a minute" and then opened the door saying, "Come on in." One of the officers stated: "We're after Johnny Lerl Cole, is he here?" And the woman answered that he was, and told the officers that they could "look around" the house. The officers then entered the house with shotguns in hand, and proceeded through the living room of the house, through a hall, and into the bathroom,[1] where they found appellant. Wilkerson testified that he saw appellant reaching into an overnight case and that he "threw down on him with . . . my weapon, and told him to hold it right there." The shotgun and shell were found in the case.

Appellant contends that the seizure of the shotgun and shell was illegal because (1) the officers lacked probable cause either to arrest appellant or to conduct a search of the house where he was found and (2) there was no valid consent given to search the house.

If the arrest was legal, then the seizure of the shotgun, which was found in the case into which appellant was reaching, was legal as a search incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Therefore, the question which should first be determined is the legality of the arrest for if it was legal, the remaining issues regarding the search need not be decided.

■ The officers had neither an arrest warrant nor a search warrant; however, the standards applicable to determining whether the facts of a particular case sup-

---

1. The officers heard a noise in the bathroom.

port the arresting officers' probable cause assessment at the time of the challenged arrest and search are at least as stringent as the standards applied when reviewing the decision of a magistrate. Whiteley v. Warden, Wyoming Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306; Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L. Ed.2d 142; Brown v. State, 481 S.W.2d 106 (Tex.Crim.App., 1972); Fry v. State, No. 44,537 (Tex.Crim.App., March 8, 1972).

■ In the present case, the informant's tip fails to satisfy either of the two "prongs" of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).[2]

■ Officer Wilkerson's testimony was merely that the undisclosed informant was a credible person. The only reason he gave for believing that the informant was credible was that the informant appeared to be credible in the manner in which he imparted the information. On the other hand, Wilkerson testified that, to the best of his knowledge, he had not received information from this informant in the past, that he had not seen the informant prior to receiving the information, and that he had not known the informant prior to the day on which he received the information. In summary, Wilkerson's assertion that the informant was a credible person was just that—a mere assertion, unsupported by any underlying circumstances which would indicate that he was worthy of belief. A mere assertion or conclusion that an informant is credible, without more, is an insufficient basis for establishing probable cause, based on the informant's tip alone. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Stoddard v. State, 475 S.W.2d 744 (Tex.Crim.App. 1972).

Likewise, Wilkerson testified that the informant did not relate the circumstances by which he came to know that appellant had committed the robbery on March 11th, and was preparing to commit another robbery on the date of arrest. Again, unless some of the underlying circumstances upon which the informant based his conclusions are before the reviewing court, the informant's tip, standing alone, is insufficient to constitute probable cause. Aguilar v. Texas, supra; Stoddard v. State, supra.

■■ Hearsay information, insufficient to constitute probable cause under Aguilar v. Texas, supra, may nevertheless become sufficient if adequately corroborated by independent observation of the arresting officer (or affiant, in the case of a warrant). Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Polanco v. State, 475 S.W.2d 763 (Tex. Crim.App.1971). However, we believe that the independent observation in the present case was not such as to corroborate sufficiently the hearsay information so as to constitute probable cause for the arrest. The information gained by observation must in some sense be corroborative of the informer's tip that the arrestees committed the felony or were in the process of committing the felony. Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 567, 91 S.Ct. 1031 (1971). In the instant case the officers found appellant where the informant said he would be found and saw a Buick automobile at that location. These two facts are not corroborative of the tip that appellant had committed the robbery for which he was arrested or that he was planning to commit a crime. The record does not reflect that the officers had been informed that an automobile was used in the commission of the robbery, or that they were searching for a particular auto-

---

**2.** Although both of those cases concerned search warrants, the standard for determining the sufficiency of an informant's tip is the same for either search warrants or arrest warrants. *See* Whiteley v. Warden, Wyoming State Penitentiary,

401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); Beck v. Ohio, 379 U.S. 89, 96, 85 S.Ct. 223, 13 L.Ed.2d 142 (note 6) (1964); Giordenello v. United States, 357 U.S. 480, 485, 78 S.Ct. 1245, 2 L.Ed. 2d 1503 (1958).

mobile in connection with the robbery. Therefore, the corroboration was insufficient to indicate that appellant had committed an offense, or that he was planning to do so.

Since the informant's tip was inadequate to constitute probable cause for the arrest, it follows that the search incident to the arrest was illegal, and that the items seized were not admissible.

■ The defects in the informant's tip as a basis for probable cause to arrest are also present when the tip is viewed as a basis for probable cause to search. Therefore, even assuming that exigent circumstances justified the search without a warrant, the search would fail for lack of probable cause.[3]

■ The State contends that the seizure of the "sawed-off" shotgun was legal as being a seizure of contraband in open view. According to the State, the officers were lawfully on the premises by virtue of the woman's consent to "look around" and that because the shotgun was in open view, its seizure was legal. The State's contention is based upon a misreading of the record. There is no testimony in the record that the weapon was in open view. To the contrary, the arresting officer's testimony was that appellant was reaching into the overnight case in which the shotgun was found at the time he was arrested. The shotgun was found inside the case subsequent to the arrest.

■ The State concedes, and rightly so, that the consent to "look around" was not consent to search the premises. While consent to look in a house may constitute consent, *see* Hannon v. State, 475 S.W.2d 800 (Tex.Crim.App.1972), under the circumstances here presented, we do not feel that the statements constituted voluntary consent to search. There was no testimony that the woman was aware of her right to refuse,[4] and she was not told that the officers were planning on conducting a search,[5] but rather, the implication was that they were merely looking for appellant. The lack of clarity by the officers in informing the woman of their purpose (based upon the officer's testimony), coupled with the fact that they were armed with shotguns, leads us to believe that voluntary consent was not given. *Cf.* Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) ; Paprskar v. State, 484 S.W.2d 731 (Tex.Crim.App., 1972).

Therefore, the admission of the shotgun and shell was error. The question which then arises, however, is whether the error was prejudicial, and of such nature as to compel reversal of this case.

■ The admission of illegally seized evidence may be harmless error. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Before an error of constitutional dimension can be held to be harmless error, however, the reviewing court must be able to declare that it was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

In the instant case, three witnesses testified that the robbery was committed by three Negro males, all of whom wore long coats. All three witnesses testified that

---

3. Exigent circumstances, no matter how compelling, will not justify a search where probable cause is lacking. *e. g.,* Brown v. State, 481 S.W.2d 106 (Tex. Crim.App.1972).

4. It is not necessary to show that a person consenting to a search was warned of his right to refuse, or that he knew of his right to do so, in order to support a finding that the consent was freely and knowingly given. DeVoyle v. State, 471 S.W.2d 77 (Tex.Crim.App.1971). However, such a showing is of evidentiary value in determining whether valid consent was given.

5. The woman denied that she consented to the entry and denied that she was aware that the men were police officers. However, in reviewing the action of the trial court, we must consider the evidence most favorable to the court's action.

appellant wore a pencil-thin moustache at the robbery. All three witnesses identified appellant, without equivocation, as being one of the robbers. One of the three testified that appellant pointed a shotgun at him during the course of the robbery, and the witness identified the shotgun which was seized as being the one which was used by appellant. There was some deviation between the testimony of the witnesses as to the appellant's dress at the time of the robbery but all were positive that he was one of the robbers.

The defense was alibi. Appellant's wife testified that on the evening immediately preceding the robbery, she took her daughter to a hospital for treatment of asthma and that she returned home on the morning of the day of the robbery, leaving her husband at home to care for the child. She testified that she then left home and went to her place of employment, and from there, called home at approximately the time of the robbery and talked with appellant. Appellant's mother-in-law testified that appellant was at the home at the time the robbery occurred. In rebuttal, the State offered testimony from a records custodian of the hospital that she had no record of the child receiving treatment on the date the mother testified she did.

The defense also offered a photograph of appellant which was taken on the day after his arrest. In argument, defense counsel stated that the photograph indicated that appellant had a larger moustache than the one described by the witnesses. However, none of the witnesses were asked to examine the photograph and to compare the moustache shown with the one which the robber wore.[6]

In light of the unequivocal testimony of the three witnesses that appellant was one of the robbers, and the rebuttal evidence which weakened the alibi defense, we feel that the error in admitting the shotgun was harmless. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Rodgers v. State, 468 S.W.2d 438 (Tex.Crim.App.1971). Appellant's first ground of error is overruled.

At the punishment stage of the trial, the State offered a set of fingerprints of the appellant, taken that day and a "prison packet" whch contained a set of fingerprints and records of five prior convictions of appellant. There was expert testimony that the fingerprints contained in the packet were the same as those taken from appellant earlier that day.

In his second ground of error, appellant contends that four of the five convictions contained in the packet were not admissible because they were accompanied by only one set of fingerprints. He maintains that the one set referred only to one conviction, and that the remaining convictions were therefore not properly proved. This contention is without merit.

An examination of the packet indicates that it consists of certified copies of records of the Texas Department of Corrections pertaining to one Johnny Lerl Cole, including the judgment and sentence in five separate convictions and one set of fingerprints. An expert witness testified that the fingerprints contained in the packet matched a set which he had taken from appellant on the same day. The fingerprints are used as a means of insuring that the person on trial is the same one to whom the packet refers. The fingerprints refer to the packet as a whole. This method of proof has been consistently upheld by this Court. e. g., Emerson v. State, 476 S.W.2d 686 (Tex.Crim.App.1972); Jones v. State, 470 S.W.2d 874 (Tex.Crim.App.1971). Appellant's second ground of error is overruled.

6. The defense did elicit testimony that two of the State's witnesses had identified a photograph of appellant on March 16, the day before the photograph in question was taken. If anything, this testimony would seem to have only the effect of bolstering the State's identification evidence.

Appellant has also filed a pro se brief in which he raises two additional grounds of error. His first additional ground of error is as follows:

"The court committed reversible error in purposefully suppressing evidence pertaining to and vital to the defense establishing the facts of the illegal arrest of appellant, done in violation of appellant's rights under the Fourteenth, Fourth and Ninth Amendments to the U. S. Constitution."

In the argument supporting this ground of error, appellant contends that the prosecutors suppressed evidence seized at the time of his arrest, which was a note used in the robbery and which was vital to his defense. The record is devoid of any evidence in support of this contention. The ground of error is overruled.

In his second additional ground of error, appellant complains of an argument by the prosecutor. The record reflects that no objection was made to the argument. Therefore, the error, if any, is not preserved for review. *e. g.,* Verret v. State, 470 S.W.2d 883 (Tex.Crim.App.1971).

There being no reversible error, the judgment is affirmed.

MORRISON, J., concurs in the result.

ONION, Presiding Judge (dissenting).

I agree that the shotgun and shell, being the fruit of an illegal search and seizure, were inadmissible. I cannot agree that the constitutional error was harmless *beyond a reasonable doubt* under the test established by Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). See, also, Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

Therefore, I respectfully dissent.