**Anthony Dwight SANDERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–00863–CR.**

Court of Appeals of Texas, Dallas.

June 18, 1985.

Bruce Anton, Dallas, for appellant.

Gilbert P. Howard, Asst. Dist. Atty., Henry Wade, Crim. Dist. Atty., Dallas, for appellee.

Before HOWELL, STEPHENS and VANCE, JJ.

HOWELL, Justice.

Anthony Dwight Sanders appeals his conviction for burglary of a building. After finding both enhancement paragraphs of the indictment true, the trial court assessed punishment at confinement for life. Appellant contends (1) that the evidence is insufficient to show that the building in question was not open to the public, (2) that the trial court erred in not submitting to the jury the lesser included charge of attempted theft, and (3) that the evidence was insufficient to show he was the same person who was convicted of felony theft as alleged in the first enhancement paragraph. We affirm.

## SUFFICIENCY OF THE EVIDENCE

Appellant first contends that the evidence was insufficient to show that the building in question was not open to the public. We disagree. Burglary is defined, in pertinent part, as follows:

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters ... a building ... *not then open to the public*, with intent to commit ... theft

. . . .

TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 1974) (emphasis added).

The record reveals that appellant was observed by two employees of Stover Steel Construction standing next to a car, which did not belong to Stover Steel, parked inside a shop building. The trunk of the car was open and appellant was holding a company generator. Appellant told the employees he didn't take anything else and was putting the generator back. Appellant set the generator down. Appellant then opened an overhead door of the shop, drove the car he had been standing next to out of the shop and stopped. He then told the employees that they could look the car over, and again told them that he didn't take anything else. Appellant gave no explanation for being in the shop building. A supervisor, Gene Elton, was summoned,

but by the time he got back to the shop area appellant had driven away.

The shop building has overhead doors through which vehicles can enter or exit and one walk-in door to an office. The record further reveals that on the day in question one of the employees who observed appellant had unlocked the overhead doors but had left them closed prior to appellant's entry and all doors were closed prior to appellant's exit.

Gene Elton, general superintendent of Stover Steel, testified that the shop building in which appellant was seen was not open to the public and that only Stover Steel employees and those specifically authorized by him were allowed in the shop building. Appellant had no such authorization to be in the building nor to take the generator.

We hold that the evidence was sufficient to show that the shop building was not open to the public. *See Williams v. State*, 537 S.W.2d 936, 938 (Tex.Crim.App.1976); *Evans v. State*, 677 S.W.2d 814, 818 (Tex. App.—Fort Worth 1984, no pet.).

### LESSER INCLUDED OFFENSE

■ Appellant next argues that since the evidence of the building's status could have been insufficient, the judge should have submitted a charge on the lesser included offense of attempted theft. However, the analysis to determine whether a charge on a lesser included offense should be given is not a review of the sufficiency of the State's evidence. Rather, the analysis requires that the record reflect *some evidence* "that if the defendant is guilty, he is guilty of only the lesser included offense. *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim.App.1981) (on rehearing).

■ The State's evidence was offered to prove and did prove that the building was not open to the public. There is no evidence in the record to the contrary. Further, there is no evidence explaining appellant's presence in the building. Thus, because there is no evidence from which the jury could have reasonably determined that if guilty, appellant was only guilty of attempted theft, the court was correct in not submitting the charge.

### SUFFICIENCY OF IDENTITY

■ Appellant's final contention is that because there is only one set of fingerprints dated 1978 in a penitentiary packet showing two convictions in 1982, the proof is insufficient to show that he is the same person convicted of theft as alleged in the first enhancement paragraph. We disagree.

An examination of the packet reveals it consists of certified copies of records of the Texas Department of Corrections pertaining to one Anthony Dwight Sanders. It includes conviction records in two causes and one set of fingerprints. An expert witness for the State testified that the fingerprints in the packet matched a set which he had personally taken from the appellant. The fingerprints in the packet refer to the packet as a whole and the method of proof used has been consistently upheld by the Court of Criminal Appeals. *Cole v. State*, 484 S.W.2d 779, 784 (Tex.Crim.App.1972). We hold that the evidence was sufficient to show appellant was the person convicted of theft as alleged in the first enhancement paragraph.

Affirmed.