COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-418-CR

 

 

MURRELL RAY BRIDGES                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 415TH
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

Appellant Murrell Ray Bridges
complains in one issue that the trial court erred by refusing to grant his
motion to dismiss Enhancement Paragraph One of the indictment because the
conviction alleged in Enhancement Paragraph One was insufficiently connected to
Bridges.  We affirm.








II. 
Factual and Procedural Background

On November 19, 2004, Bridges was indicted for
the offense of driving while intoxicated (ADWI@).  The trial court granted the State=s motion
for leave to amend the indictment, which resulted in Bridges=s range
of punishment being raised to that of a habitual offender.  Bridges pleaded guilty to the charged offense
and further stipulated that he was the person convicted in two prior DWI
convictions alleged by the State for jurisdictional purposes.  Having opted to have a jury assess
punishment, Bridges proceeded to the punishment phase of trial.

The amended indictment alleged previous
convictions for DWI from the counties of Palo Pinto, Parker, and Runnels,
evidence of which was subsequently presented at trial, and contained two
enhancement paragraphs:  Enhancement
Paragraph One alleged that on January 30, 2001, Bridges had been convicted of
felony DWI in Cause No. 0792234W in the 297th District Court of Tarrant County,
and Enhancement Paragraph Two alleged two separate offenses C that on
August 18, 1995, Bridges had been convicted of violations of the Certificate of
Title Act in Cause Nos. 10,107 and 10,106 in the 29th Judicial District Court
of Palo Pinto County. 

 

 








III.  The
Trial

A. 
Enhancement Paragraph One

During the trial, the State asked Detective
Turnbow regarding Enhancement Paragraph One if she had had an opportunity to
compare the known fingerprints of Bridges, contained in State=s
Exhibit 16, to fingerprints contained in a certified Texas Department of
Criminal Justice (ATDCJ@) pen
packet marked as State=s Exhibit 14.  Detective Turnbow stated that she had
compared the known fingerprints of Bridges to the fingerprint card contained in
State=s
Exhibit 14 and that both sets of fingerprints were from the same person,
Bridges.  The State then offered State=s
Exhibit 14 into evidence, and the trial court admitted it without objection.








State=s
Exhibit 14 consisted of eight pages and contained the following items:  (1) a certification page/affidavit from TDCJ;
(2) side and frontal photographs of Bridges along with his name and TDCJ
Identification Number; (3) a December 7, 2001 judgment in Cause No. 11,654 from
the 29th Judicial District Court of Palo Pinto County, Texas, in which Bridges
was convicted of felony DWI with a six-year sentence imposed in the Texas
Department of Criminal Justice-Institutional Division (ATDCJ-ID@) and
including a fingerprint identification; (4) a judgment in Cause No. 0792334W
from the 297th Judicial District Court of Tarrant County, Texas, in which
Bridges was convicted of DWI and Felony Repetition with a sentence of three
years in the TDCJ-ID; and (5) a fingerprint card containing the name, date of
birth, physical descriptors, and the TDCJ Identification Number of Bridges.

B. 
Enhancement Paragraph Two

The State asked Detective Turnbow regarding
Enhancement Paragraph Two if she had had the opportunity to compare the known
prints of Bridges, contained in State=s
Exhibit 16, to the fingerprints contained in a certified TDCJ pen packet marked
as State=s
Exhibit 14.  Detective Turnbow testified
that the fingerprints contained in the judgments and fingerprint card in the
TDCJ pen packet comprising State=s
Exhibit 13 were those of Bridges. 
Thereafter, the trial court admitted State=s
Exhibit 13 into evidence without objection.








State=s
Exhibit 13 consisted of eight pages containing the following items: (1) a
certification page from TDCJ; (2) side and frontal photographs of Bridges along
with his name and TDCJ Identification Number; (3) a judgment from Cause No.
10,107 from the 29th Judicial District Court of Palo Pinto County, Texas, in
which Bridges was convicted of violations of the Certificate of Title Act; (4)
a judgment from Cause No. 10,106 from the 29th Judicial District Court of Palo
Pinto County, Texas, in which Bridges was convicted of violations of the
Certificate of Title Act; (5) a judgment revoking probation from Cause No. 9458
from the 29th Judicial District Court of Palo Pinto County, Texas, in which
Bridges=s
community supervision was revoked and he was sentenced to prison for the
offense of felony DWI; and (6) a fingerprint card containing Bridges=s name,
date of birth, physical descriptors, TDCJ Identification Number, and
fingerprints.

C. 
Motion to Dismiss and Defense Testimony













At the conclusion of the State=s
case-in-chief on punishment, Bridges made a motion to dismiss Enhancement
Paragraph One.[2]  The Court denied the request.  Bridges then put on his witnesses.  On cross-examination, several of Bridges=s
witnesses also testified about Bridges=s prior
convictions listed in Enhancement Paragraph One and Enhancement Paragraph
Two.  Barbara Upton, Bridges=s older
sister, testified as to Bridges=s prior
prison trips.  In her testimony, Upton
acknowledged that Bridges had been to prison on two occasions and that one of
the prison trips was for both Tarrant County and Palo Pinto County DWI
offenses.[3]  Ellis Bridges, Bridges=s older
brother, testified that he knew Bridges had been to prison on two different
occasions.[4]  Bridges=s
daughter, Nacole Willis, acknowledged that she was aware that Bridges had been
to prison on two occasions.[5]








On cross-examination, Upton was able to
affirmatively identify the handwriting on two other certified judgments as
being that of Bridges: (1) State=s
Exhibit 17, containing a judgment from Cause No. 34,981 from the County Court
of Palo Pinto County, Texas, in which Bridges was convicted of misdemeanor DWI;
and (2) State=s Exhibit 18, containing a
judgment from Cause No. 24,041 from the County Court of Palo Pinto County,
Texas, in which Bridges was again convicted of misdemeanor DWI.  The 
trial court admitted the documents into evidence without objection.

The jury found both enhancement paragraphs true
and assessed punishment at 99 years= confinement.  This appeal follows.

IV. Standard of Review, Analysis, and Application

A. 
Standard of Review








Bridges=s motion
to dismiss was in essence a request for an instructed verdict as to Enhancement
Paragraph One, in that he requested that the judge not submit it to the
jury.  A challenge to the denial of a
motion for instructed verdict is actually a challenge to the legal sufficiency
of the evidence.  Canales v. State,
98 S.W.3d 690, 693 (Tex. Crim. App.), cert. denied, 540 U.S. 1051
(2003); McCown v. State, 192 S.W.3d 158, 160 (Tex. App.CFort
Worth 2006, pet. ref=d).  In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the judgment in order to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d
691, 693 (Tex. Crim. App. 2005).

B. 
Analysis

The State had the burden to prove, beyond a
reasonable doubt, its enhancement paragraph as alleged in the charging
instrument.  See Williams v. State,
980 S.W.2d 222, 226 (Tex. App.CHouston
[14th Dist.] 1998, pet. ref=d).  While no required method of proof is set out
by statute, a judgment and sentence may suffice, or their functional
equivalent.  See Mitchell v. State,
848 S.W.2d 917, 918-19 (Tex. App.CTexarkana
1993, pet. ref=d) (finding that an abstract of
judgment was the functional equivalent of a judgment and sentence).  

A prior conviction can be proven by the
introduction of the Apen packet,@ which
is the file from the penitentiary where the defendant was an inmate and which
contains the record of the inmate=s prior
conviction.  Cuddy v. State, 107
S.W.3d 92, 96 (Tex. App.CTexarkana 2003, no pet.); Barber
v. State, 757 S.W.2d 83, 87 (Tex. App.CHouston
[14th Dist.] 1988, pet. ref=d).  Under the analysis set forth in Beck v.
State, 719 S.W.2d 205, 209-10 (Tex. Crim. App. 1986), a pen packet must not
only prove the existence of a conviction but also link that conviction to the
defendant.  The Beck court
reasoned, 








We have consistently held
that a prior conviction alleged for enhancement or a conviction as a part of
prior criminal record of a defendant under Article 37.07, V.A.C.C.P., may be
established by certified copies of a judgment and a sentence and authenticated
copies of the Texas Department of Corrections records including fingerprints,
supported by expert testimony identifying them as identical with known prints
of the defendant.

 

. . . . 

These documents
[certified copies of a judgment and sentence and the authenticated records of
the Texas Department of Corrections or other penal institutions] while
admissible, are not normally sufficient standing alone to prove the prior
convictions, and this is true even if the name on the judgment and sentence and
in the pen packet is the same as the defendant in trial.  It is incumbent on the State to go forward
and show by independent evidence that the defendant is the person so previously
convicted.

 

Id. at 209-10 (citations omitted).

The Texas Court of Criminal Appeals has approved
several different means by which it may be proven that a defendant is the person
previously convicted in another case that is sought to be admitted by the State
during trial.  They include the
following:








(1) Testimony of a
witness who personally knows the defendant and the fact of his prior conviction
and identifies him; (2) Stipulation or judicial admission of the defendant that
he has been so convicted; (3) Introduction of certified copies of the judgment
and sentence and record of the Texas Department of Corrections or a county jail
including fingerprints of the accused supported by expert testimony
identifying them with known prints of the defendant; and (4) Comparison by the
fact finder of a record of conviction which contains photographs and a detailed
physical description of the named person, with the appearance of the defendant,
present in court.

 

Daniel v. State, 585 S.W.2d 688, 690-91 (Tex. Crim. App.
1979) (citations omitted) (emphasis supplied).

The above list is not exclusive as to prior
convictions used for enhancement or prior criminal history.  Human v. State, 749 S.W.2d 832, 835
(Tex. Crim. App. 1988); Littles v. State, 726 S.W.2d 26, 32 (Tex. Crim.
App. 1984) (op. on reh=g); Rosales v. State, 867
S.W.2d 70, 72 (Tex. App.CEl Paso 1993, no pet.).  Rather, each case is to be judged on its own
individual merits in determining whether the proof of identity is
sufficient.  As long as the proof of
identity is sufficient, even if proven by an unorthodox method, no error will
be found on appeal.  Littles, 726
S.W.2d at 32.

Photographs made available to the jury for
comparison with the accused can provide the independent evidence necessary to
prove the accused was previously convicted as alleged.  Williams v. State, 946 S.W.2d 886, 895
(Tex. App.CWaco 1997, no pet.).  Identification information such as name, sex,
height, eye color, hair color, and date of birth can also suffice as
independent evidence tending to prove identity. 
Id.








Authentication of handwriting may be established
by a comparison performed either by experts or by the jury.  Tex.
Code Crim. Proc. Ann. art. 38.27 (Vernon 2005).  Proof by comparison to other writing samples
is sufficient when an appellant fails to contest under oath the authenticity of
either his handwriting when the document is unsigned or of his signature when
the document is signed.  Camacho v.
State, 765 S.W.2d 431, 434 (Tex. Crim. App. 1989); Ex Parte Watson,
606 S.W.2d 902, 905 (Tex. Crim. App. 1980). 
However, comparison by the jury of the accused=s
signature with that of the defendant found in the records of conviction is
insufficient to permit admission of the evidence in the absence of any other
evidence to connect the defendant to the prior conviction.  Rosales, 867 S.W.2d at 73 (citing Smith
v. State, 489 S.W.2d 920, 921-22 (Tex. Crim. App. 1973)).

C. 
Application








The State first contends that Bridges waived his
right to complain of the court=s
failure to dismiss Enhancement Paragraph One, asserting that the complaint is
as to a defect in the indictment, citing article 1.14(b) of the code of
criminal procedure, Tex. Code Crim.
Proc. Ann. art. 1.14(b) (Vernon 2005), and Jones v. State,
907 S.W.2d 850, 857 (Tex. App.CHouston
[1st Dist.] 1995, pet. ref=d).  The State=s
argument is misplaced.  Bridges is not
asserting that defect existed in the indictment, but rather that was an
evidentiary failure by the State to prove that the Murrell Ray Bridges at trial
was the Murrell Ray Bridges convicted in Tarrant County.  This is clearly distinguishable from the Jones
case, wherein Jones argued that the enhancement paragraph of the indictment
alleged that he committed one offense but was convicted of a second,
unidentified offense.  We reject the
State=s
argument in this regard.  Further,
challenges to the legal sufficiency of the evidence need not be raised in the
trial court to be preserved for appellate review.  Moff v. State, 131 S.W.3d 485, 488-89
(Tex. Crim. App. 2004).

The State argues that the following evidence and
resulting legal analysis is sufficient to link the Murrell Ray Bridges at trial
to the Murrell Ray Bridges convicted in the 297th District Court in Tarrant
County:  

(1) Detective Turnbow
testified that the known fingerprints of Bridges contained in State=s Exhibit 16 were
identical to the fingerprint card contained in the TDCJ pen packet, State=s Exhibit 14;

 

(2) The fingerprint card
indicates Bridges was committed to prison for three years for DWI, which
matches the conviction alleged in Enhancement Paragraph One and the judgment
contained in the pen packet;

 

(3) The certification
page of State=s Exhibit 14 (a) lists
Bridges=s TDCJ number as 1083310,
which is the same number on the fingerprint card, and (b) states that the pen
packet reflects conviction in cause numbers 0792334W (the Enhancement Paragraph
One allegation) and 11654 (a jurisdictional conviction stipulated by Bridges);

 








(4) Case law reflects
that matching an accused=s fingerprints to a set
of fingerprints within a pen packet is sufficient to support multiple
convictions in the pen packet because the fingerprints refer to the packet as a
whole, citing Cole v. State, 484 S.W.2d 779, 784 (Tex. Crim. App. 1972),
Petrick v. State, 832 S.W.2d 767, 773 (Tex. App.CHouston [1st Dist.] 1992,
pet. ref=d), Hallmark v. State,
789 S.W.2d 647, 650-51 (Tex. App.CDallas 1990, pet. ref=d), and Sanders v.
State, 695 S.W.2d 646, 648 (Tex. App.CDallas 1985, no pet.);

 

(5) Bridges stipulated to
the fact that prior to the allegation of the DWI offense for which he was on
trial in this cause, he had previously been convicted in the 29th District
Court of Palo Pinto County, cause number 11654, for DWI, which is the same
conviction contained in the pen packet that also contains the conviction in the
297th District Court;

 

(6) State=s Exhibit 14 contains a
frontal and side photograph of Bridges, which the jury could have compared to
Bridges at trial and to photographs related to the Palo Pinto conviction in the
pen packet;

 

(7) State=s Exhibit 6 contained a
detailed physical description that the jury could compare to the physical
description in State=s Exhibit 14; and

 

(8) Bridges=s own witnesses testified
about his prior convictions and to at least two prison stays.

 

Examination of the case law regarding a single
set of fingerprints in a pen packet containing multiple convictions supports
the State=s contention in that
regard.  For example, in Cole, 








[a]n examination of the
packet indicate[d] that it consists of certified copies of records of the Texas
Department of Corrections pertaining to one Johnny Lerl Cole, including the
judgment and sentence in five separate convictions and one set of fingerprints.  An expert witness testified that the
fingerprints contained in the packet matched a set which he had taken from
appellant on the same day.  The
fingerprints are used as a means of insuring that the person on trial is the
same one to whom the packet refers.  The
fingerprints refer to the packet as a whole. 
This method of proof has been consistently upheld by this Court.  

 

Cole, 484 S.W.2d at 784.

 

Next, appellant contends
that the fingerprint cards contained in the pen packets listed no cause numbers
or vital statistics to link them to appellant. 
However, a single set of fingerprints within a pen packet is sufficient
to support multiple convictions reflected in the pen packet, because the
fingerprints refer to the packet as a whole. 

 

Petrick, 832 S.W.2d at 773.

Appellant argues that because each and every
conviction was not specifically listed on the fingerprint card, the entire pen
packet is inadmissible.  Deputy Max
Chester of the Dallas County Sheriff=s
Department, a fingerprint expert, testified that the fingerprints contained in
the pen packet matched a set which he had taken from appellant on the day of
the trial.  The fingerprint card in the
pen packet refers to the pen packet as a whole. 
Also, the certification page included in the pen packet listed the cause
numbers of all five convictions.  The
evidence was sufficient to show appellant was the person named in all the
judgments and sentences in the pen packet. 

Hallmark, 789 S.W.2d at 651 (citations omitted).

An examination of the
packet reveals it consists of certified copies of records of the Texas
Department of Corrections pertaining to one Anthony Dwight Sanders.  It includes conviction records in two causes
and one set of fingerprints.  An expert
witness for the State testified that the fingerprints in the packet matched a
set which he had personally taken from the appellant.  The fingerprints in the packet refer to the
packet as a whole and the method of proof used has been consistently upheld by
the Court of Criminal Appeals.  We hold
that the evidence was sufficient to show appellant was the person convicted of
theft as alleged in the first enhancement paragraph.

 








Sanders, 695 S.W.2d at 648 (citation omitted).

Reviewing the foregoing evidence under the
appropriate standard of review and applying the law recounted herein regarding
one set of fingerprints contained in a pen packet concerning multiple
convictions, we hold that the trial court did not err by refusing to dismiss
Enhancement Paragraph One.

V. 
Conclusion

Having overruled Bridges=s sole
issue, we affirm the trial court=s
judgment.

 

 

PER
CURIAM

 

PANEL F:    MCCOY,
LIVINGSTON, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: September 13,
2007

 











[1]See Tex.
R. App. P.
47.4.





[2]Specifically, Bridges=s counsel stated,

 

Your honor, at this time I=d like to make a motion again for this Court to
dismiss an enhancement paragraph in this cause, and it would be Enhancement One
using the prior felony conviction alleged out of Tarrant County on the 30th day
of January, 2001, out of the 297th District Court.  I believe that the evidence on that alleged
prior felony fails to meet any kind of burden to establish that, indeed, it=s -- the Murrell Ray
Bridges that was sent to prison back then was, indeed, this Murrell Ray Bridges.





[3]Q. . . . [H]ow many DWIs
does he have, to your understanding?

 

. . . .

 

A. . . . I=ve heard three.

 

. . . .

 

Q. . . .[D]o you know how
many times he=s been to prison?

 

A.  Twice.

 

Q. . . . And was one of
those for a deal both in Tarrant County for DWI and in Palo Pinto County for
DWI?

 

A.  That=s what I understand.

 





[4]Q. . . . [A]s you sit
there right now, can you tell this jury how many    DWIs your baby brother has?

 

. . . .

 

Q. Do you have an
understanding as to how many it is?

 

. . . .

 

A. Six, seven.  I don=t know.  I
really don=t.

 

Q. . . . Do you have an
understanding as to how many times your brother [has] been to prison?

 

. . . .

 

Q. How many times is
that?

 

A.  Twice.





[5]Q.  How many times has your father been to
prison?

 

A.  Twice.

 

Q.  Were you living with him when he went to
prison?

 

A.  Yes.