**Espanola Morris KEMP, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43743.**

Court of Criminal Appeals of Texas.

May 19, 1971.

Marvin O. Teague, William C. Clayton, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and John Holmes, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawfully carrying a pistol, a violation of Art. 483 Vernon's Ann. P.C.; punishment was assessed by the court at a fine of $400.00.

Appellant's two grounds of error alleged are: that the evidence is insufficient as a matter of law to sustain a conviction; and, that the court erred by admitting into evidence the pistol, contending it was fruit of an unlawful arrest, search and seizure.

Officer S. L. Clappart, of the Houston Police Department, testified that he and his partner went to the 1800 block of Hamilton Street in Houston at approximately 3:00 A.M., on October 18, 1969; that upon his arrival, Officer C. A. Findley, of the Houston Police, and two other persons pointed out a gold Cadillac Eldorado automobile that was leaving the scene (of a minor collision) " * * * and said that car has a bunch of pistols in it." The record then reveals the following:

"Q. (By the Prosecutor) Now, sir, after you received this information, what did you do, if anything?

"A. I was riding in the patrol car and my partner was driving. We went in pursuit of the gold Cadillac and pur-sued it to the 2300 block of Gray where we stopped it.

"Q. Did you ever lose sight of this car, sir?

"A. No, sir, we did not.

"Q. Would you tell us how you stopped this car?

"A. We were behind the car and we turned on the red light and I believe there was a siren turned on somewhere, but the car did stop.

"Q. Now, approximately what time was it at the time you stopped this vehicle?

"A. 3:00 A.M. in the morning.

"Q. Now when you stopped this car, did you have occasion to see how many persons occupied the vehicle?

"A. Yes, sir, I did.

"Q. And how many was that?

"A. There were four people in the vehicle, three males and one female.

"Q. Where was the female located in the car?

"A. She was sitting in the right front seat of the vehicle.

\* \* \* \* \* \*

"A. After Mrs. Kemp (appellant) had stepped out of the car I noticed a large handbag sitting on the floorboard of the vehicle on her side.

\* \* \* \* \* \*

"Q. Officer, at the time she was removed from the vehicle, was she under arrest?

"A. Yes, sir, she was.

"Q. Was she the only woman in the car?

"A. Yes, sir, she was.

"Q. Is this the only purse you found in the car?

"A. Yes, sir, it is.

"Q. Did you have occasion to search this purse?

"A. Yes, sir. I was in search of weapons, for our own protection, since I was going to have to drive the vehicle back to the station. I looked in the purse and found the hunting knife and pistol.

"Q. Did you find anything else in the purse?

"A. I can't recall. There was some money in the car, but I don't recall where it was found.

"Q. Did you find anything in the purse with anyone's name on it?

"A. Yes. I found a billfold and all kinds of identification.

"Q. Whose name was on that identification?

"A. Mrs. Espanola Morris Kemp.

"Q. The sole lady occupant of that car, and is she in the courtroom today?

"A. Yes, sir, she is.

"Q. And can you identify the person that you came to know as Espanola Morris Kemp?

"A. Yes.

"Q. Would you point her out here for me?

"A. The lady over at the end of the table by her attorneys."

The pistol was identified by the officer as the one he found in the purse, and was admitted into evidence.

The arrest was required under Art. 487 Vernon's Ann.P.C., which reads in part:

"Any peace officer who shall fail or refuse to arrest such person on his own knowledge, or upon information from some *reliable person,* shall be fined not exceeding five hundred dollars." (Emphasis supplied)

Officer Clappart testified he had known Officer Findley approximately "a year and a half" and knew him to be a reliable person. In light of the circumstances in this case, probable cause clearly existed for the arrest and search. Cox v. State, Tex. Cr.App., 442 S.W.2d 696. See also Cisneros v. State, Tex.Cr.App., 456 S.W.2d 400; Branch v. State, Tex.Cr.App., 447 S.W.2d 932; Johnson v. State; Tex.Cr. App., 436 S.W.2d 906; Wimberly v. State, Tex.Cr.App., 434 S.W.2d 857; Weeks v. State, Tex.Cr.App., 417 S.W.2d 716, cert. denied, 389 U.S. 996, 88 S.Ct. 500, 19 L.Ed. 2d 494.

The evidence was sufficient to support the judgment. Curry v. State, Tex.Cr. App., 465 S.W.2d 154; Lewis v. State, Tex.Cr.App., 439 S.W.2d 351; Courtney v. State, Tex.Cr.App., 424 S.W.2d 440.

There being no reversible error, the judgment is affirmed.