**Jack O. DELAPORTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43909.**

Court of Criminal Appeals of Texas.

Oct. 20, 1971.

John T. Boyce, Dallas, for appellant.

Tom Ryan, Dist. Atty., Tom O'Connell, Asst. Dist. Atty., McKinney, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of unlawfully carrying a pistol. The punishment was assessed by the court at $250.00.

Our prior opinion is withdrawn.

Appellant complains that the court erred in admitting a pistol into evidence over the objection that it was obtained by an officer as a result of an illegal arrest.

John Cullins, a police officer for the City of Plano, was the only witness called by the State. He testified that he and Officer Dyle Keeton received a disturbance call from the East Meadow Apartments. They went to the apartments. Cullins stayed at the patrol car while Keeton went to apartment 109, pushed the door open and asked the man (appellant) to come outside. When the appellant came outside, Officer Cullins saw a pistol in his belt.

The appellant testified that he was living there with Margaret Stanley and paid the rent for the apartment.

The testimony of Officer Cullins is insufficient to show probable cause to enter the house and order the appellant outside where the arrest was made. There was no testimony to show that prior to the time Officer Keeton pushed open the apartment door either of the officers saw a crime being committed in their presence. No evidence of a disturbance at the time was shown.

Where an officer has entered a house to make an arrest without a warrant, and where proper objection has been made, the record should show sufficient informa-

tion upon which the officer acted in making the arrest before evidence obtained as a result thereof can be admissible.

The other grounds of error will not be discussed in view of our disposition of this cause. In the event of another trial, more proof will probably be offered for a better determination of those issues.

For the failure to show a valid arrest, the pistol should not have been admitted. For this error the judgment is reversed and the cause remanded.

The State's motion for rehearing is overruled.