Irvin Gerald **BROWN** et al., Appellants,

v.

The **STATE** of Texas, Appellee.

Nos. 44949–44952.

Court of Criminal Appeals of Texas.

May 31, 1972.

**108**

Mullinax, Wells, Mauzy & Collins by G. William Baab, Dallas, Charles Alan Wright, Austin, for appellants.

Henry Wade, Dist. Atty., and Robert T. Baskett and Harry Schulz, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

These appeals are taken from convictions in a joint trial for the unlawful possession of a narcotic drug, to-wit: marihuana.

After a finding of guilty by the jury, punishment was assessed by the court. Appellant Brown was assessed five years, and probation was granted. Punishment for Appellant Ellis was assessed at ten years, and he was granted probation. Appellants Delaine and Nezey were sentenced to three years confinement in the Texas Department of Corrections.

Initially, appellants contend that the trial court erred in overruling their motion to suppress. They argue that their arrest and the subsequent seizure of evidence was unlawful.

The record reflects that on June 24, 1970, Officer R. D. Houston of the Dallas Police Department was conducting a routine patrol in the downtown area of that city. He was dressed in uniform, but was driving an unmarked patrol car. At approximately 1:30 A.M., Officer Houston observed a green 1968 Volvo, bearing California license plates, traveling north approximately one-half block ahead of him. His attention was attracted to the vehicle when he saw clothing and a box of crackers on the ledge between the back seat and rear window. Driving closer to the Volvo, he observed that it contained four men, three of whom he concluded "fit the general description" of persons who had committed an armed robbery at a supermarket in Dallas on the previous day.

Officer Houston had participated in the investigation of the supermarket robbery. The description which had been given of the three hold-up men consisted only of a designation as to race and an approximation as to height and weight.

Even though he had decided to stop the Volvo thirty or forty seconds after he first observed its occupants, Officer Houston did not do so immediately due to the fact that there was little traffic at that time of night and the street was poorly lighted. Since he was working alone, he radioed for a "cover squad" and continued to follow the car. The vehicle in question contained the appellants.

While he was following the Volvo, Officer Houston observed the two men in the back seat (Ellis and Nezey) turn and look toward him. He could see their shoulders move and concluded that they were concealing firearms in the back seat.

Before the "cover squad" had arrived, Delaine, who was driving the Volvo, stopped the car and walked to where Officer

Houston had stopped, in order to ascertain why he was being followed. The officer asked Delaine for his identification and, upon seeing it, ordered Delaine to return to his car and wait.

Approximately five minutes later, the "cover squad" arrived. They were informed by Officer Houston that he suspected appellants of having committed the armed robbery on the previous day and that he believed that a weapon had been concealed in the rear seat. All four appellants were removed from their car and searched. No weapons or contraband were found on their persons. The interior of the Volvo was then searched. A box containing "nine millimeter super vel hollow point ammunition" was found in the glove compartment. A wax paper package containing marihuana was found behind the armrest in the back seat. After the interior of the car had been searched, the officers proceeded to the trunk. There they found appellants' luggage, two rifles, a shotgun, a pistol, and some ammunition.

Appellants were arrested and charged with unlawful possession of marihuana, armed robbery, and carrying prohibited weapons. The latter two charges were dismissed.[1]

■ In order for a warrantless arrest or search to be justified, the state must show the existence of probable cause at the time the arrest or search was made and the existence of circumstances which made the procuring of a warrant impracticable. E. g. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1923); Stoddard v. State, Tex. Cr.App., 475 S.W.2d 744. Where probable cause is lacking, the challenged search will not be upheld merely because the exigencies of the situation precluded the obtaining of a warrant. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed. 917 (1967); Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968).[2]

■ The constitutional validity of a warrantless arrest or search can only be decided in terms of the concrete factual situation presented by each individual case. E. g. Sibron v. New York, supra; Fry v. State, supra. The standards applicable to determining whether the facts of a case support an officer's probable cause assessment at the time of the challenged arrest and search are at least as stringent as the standards applied when reviewing the decision of a magistrate. Whiteley v. Warden, Wyoming Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

■ The basic purpose of the Fourth Amendment is to safeguard the privacy and security of individuals against arbitrary invasions by government officials. E. g. Berger v. New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967); Haynes v. State, Tex.Cr.App., 475 S.W.2d 739. Such an intrusion may be justified upon a showing that the facts of a case presented any one of three classes of probable cause. These are probable cause to arrest,[3] prob-

---

1. The record reflects that the armed robbery charge was dismissed after witnesses to that robbery failed to identify the appellants in a lineup. .

2. Likewise, no amount of probable cause can justify a warrantless search where the state has not met its burden of showing exigent circumstances. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970); Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L. Ed.2d 576 (1967); Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L. Ed. 436 (1948); Fry v. State (No. 44,- 537 2–23–72); Stoddard v. State, supra.

3. E. g., Whiteley v. Warden, Wyoming Penitentiary, supra; Beck v. Ohio, supra.

able cause to search[4] and probable cause to investigate.[5]

These three types of probable cause are not mutually exclusive. For example, the facts supplying probable cause to arrest might also furnish probable cause to search. See, e. g., Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Boatright v. State, Tex.Cr.App., 472 S.W.2d 765; Kemp v. State, Tex.Cr. App., 466 S.W.2d 764.

■ Probable cause for an arrest exists where, at that moment, the facts and circumstances within the knowledge of the arresting officer and of which he has reasonably trustworthy information would warrant a reasonable and prudent man in believing that a particular person has committed or is committing a crime.[6] Beck v. Ohio, supra; Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); Weaver v. State, 119 Tex.Cr.R. 334, 44 S.W.2d 731. Probable cause for a search exists where the facts and circumstances within the knowledge of the officer on the scene and of which he has reasonably trustworthy information would lead a man of reasonable caution and prudence to believe that he will find the instrumentality of a crime or evidence pertaining to a crime. Dyke v. Taylor Implement Mfg. Co., supra; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Carroll v. United States, supra. Probable cause for an officer to detain a person temporarily for investigative purposes exists where the

circumstances reasonably indicate that that particular person either has or is preparing to commit a crime.[7] See, e. g., Sibron v. New York, supra; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); United States v. Blackstock, 451 F.2d 908 (9th Cir. 1971); United States v. Catalano, 450 F.2d 895 (3rd Cir. 1971); Moses v. State, Tex.Cr.App., 464 S.W.2d 116. See also Article 14.03, Vernon's Ann.C.C.P.

■ The inarticulate hunch, suspicion, or good faith of an arresting officer is insufficient to constitute probable cause under any of the three above named classes. See, Sibron v. New York, supra; Terry v. Ohio, supra; Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960); Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1969); Gatlin v. United States, 117 U.S.App.D.C. 123, 326 F.2d 666 (1963); Murphy v. State, Tex.Cr.App., 378 S.W.2d 73; Gonzales v. State, 131 Tex.Cr.R. 15, 95 S.W.2d 972. For "[i]f subjective good faith alone were the test, the protections of the Fourth Amendment would evaporate, and the people would be 'secure in their persons, houses, papers, and effects,' only in the discretion of the police." Beck v. Ohio, supra.

The facts relevant to determining whether probable cause existed for the arrests in the instant case are: (1) that a robbery was committed at a Dallas supermarket by three armed men who escaped on foot; (2) that witnesses to the robbery described these men by race and approximate size; (3) that, approximately twenty-four hours

4. Dyke v. Taylor Implement Mfg. Co., supra; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Carroll v. United States, supra; Stoddard v. State, supra.

5. E. g., Sibron v. New York, supra; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Onofre v. State, Tex.Cr.App., 474 S.W.2d 699; Moses v. State, Tex.Cr.App., 464 S.W.2d 116.

6. This does *not* mean that the state must show sufficient evidence to establish guilt

in order to have probable cause to arrest. E. g., Henry v. United States, infra; Carroll v. United States, supra.

7. Circumstances falling short of probable cause for an arrest may justify temporary detention for purposes of investigation, since an investigative stop is considered to be a lesser intrusion upon the personal security of the individual than is an arrest. Terry v. Ohio, infra; Baity v. State, Tex.Cr.App., 455 S.W.2d 305.

later, Officer Houston observed the four appellants riding in a 1968 green Volvo in downtown Dallas; (4) that appellants turned and looked toward him as he followed them; (5) that the officer first observed appellants at 1:30 A.M.; (6) that the street on which they traveled was poorly lighted and sparsely traveled at that time of the morning; and (7), that Ellis and Nezey moved their shoulders while looking toward the officer.

Officer Houston's decision to stop and detain appellants and to search their car was based on two facts: (1) his conclusion that they "fit the general description" of the armed robbers; and (2), his conclusion that Ellis and Nezey were concealing weapons in the rear seat of the Volvo.

■ The fact that appellants were in an automobile is not a factor supplying probable cause in the instant case. The decisions of the United States Supreme Court in *Carroll* and *Brinegar,* while holding that the fact that suspects are in a car is a factor to be considered in determining whether exigent circumstances existed which precluded obtaining a warrant, "did not dispense with the need for probable cause." Henry v. United States, supra. Accord, Dyke v. Taylor Implement Mfg. Co., supra; Stoddard v. State, supra. Moreover, the record in this case is devoid of any testimony as to what type of car the armed robbers might have used or as to whether they used a car at all.

Thus, we must first determine whether the general description of the armed robbers coupled with the movements of Ellis and Nezey would lead a reasonable and prudent man to believe that the appellants were the armed robbers.

As the Supreme Court recognized in Sibron v. New York, supra:

". . . deliberately furtive actions and flight at the approach of strangers or law officers are strong indicia of *mens rea,* and when coupled with specific knowledge on the part of the officer re-

lating the suspect to the evidence of crime, they are proper factors to be considered in the decision to make an arrest."

However, a vague suspicion cannot be "transformed into probable cause for arrest by reason of ambiguous conduct which the arresting officers themselves have provoked." Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

■ In the instant case, the arresting officer had no specific knowledge connecting any of the appellants to the armed robbery. The description of the robbers contained no identifiable characteristics which would serve to distinguish them from the general populace. See Gatlin v. United States, supra. The record is devoid of any indication that the circumstances in which he saw the appellants pointed to them as the robbers. Compare Chambers v. Maroney, supra, with Rios v. United States, supra. See also United States v. Troutman, 458 F.2d 217, (10th Cir. 1972); Breedlove v. State, Tex.Cr.App., 470 S.W.2d 880; Kemp v. State, Tex.Cr.App., 466 S.W.2d 764; Calhoun v. State, Tex.Cr.App., 466 S.W.2d 304; Broom v. State, Tex.Cr.App., 463 S.W.2d 220; State v. Todd, 78 Wash.2d 362, 474 P.2d 542 (1970).

Lacking specific information linking appellants to the armed robbery at the supermarket, the officer lacked probable cause to arrest them for that crime. Whiteley v. Warden, Wyoming Penitentiary, supra; Beck v. Ohio, supra; Wong Sun v. United States, supra; Rios v. United States, supra; Henry v. United States, supra; Delaporte v. State, Tex.Cr.App., 471 S.W.2d 856; Weaver v. State, supra.

Nor do we find sufficient facts to justify independent probable cause for the search.

In Dyke v. Taylor Implement Mfg. Co., supra, a policeman, upon hearing that a shooting had occurred, noticed a car, followed it, and eventually stopped it for a traffic violation. A subsequent search of the interior of the car at the court house

uncovered a rifle which had been used in the shooting, concealed under the rear seat of that car. In discussing the issue of probable cause for the search, the Supreme Court stated:

"As far as this record shows, Powers [the officer who conducted the search] knew only that the car he chased was 'an old make model car,' that it speeded up when he chased it, and that it contained a fresh bullet hole. The evidence placed upon the record is insufficient to justify a conclusion that McKinney's car was searched with 'reasonable or probable cause' to believe the search would be fruitful."

In the instant case, Officer Houston had even less cause to believe that the search of appellants' car would be fruitful. Therefore we hold that probable cause to search the Volvo was lacking.

Finally, we must determine whether the facts in the instant case furnish probable cause to arrest under Article 14.03, V.A. C.C.P.[8]

The general description of the robbers which the officer had been given could have done no more than raise the officer's suspicion that three of the appellants were those men. See Gatlin v. United States, supra; Baker v. State, Tex.Cr.App., 478 S.W.2d 445. See also, Dyke v. Taylor Implement Mfg. Co., supra.

Moreover, the fact that Ellis and Nezey turned around and looked toward the officer as he followed them down a poorly lighted and sparsely traveled city street at 1:30 in the morning can only be considered as the type of "ambiguous conduct which the arresting officers themselves have provoked." Wong Sun v. United States, supra. Accord, People v. Superior Court of Yolo County, 3 Cal.3d 807, 91 Cal.Rptr. 729, 478 P.2d 449 (1970).

The fact that the officer observed Ellis' and Nezey's shoulders moving is an insufficient basis for inferring that they were concealing firearms in the rear seat. Cf. Sibron v. New York, supra. While a different type of contraband was found concealed in the rear seat, a search cannot be justified by what it uncovers, e. g. Whiteley v. Warden, Wyoming Penitentiary, supra; Sibron v. New York, supra.

To find the appellants' conduct in the instant case sufficient to constitute probable cause to arrest pursuant to Article 14.03, supra, would be to assume: (1) that they recognized Officer Houston's unmarked car as a police car; (2) that these gestures were in response to that awareness; and (3) that they were purposely made to avoid apprehension. We find that this chain of inferences is too tenuous to establish probable cause for an investigative stop. People v. Superior Court of Yolo County, supra.

There being no probable cause for the arrest of appellants or for the search of their automobile, reversible error was committed by overruling the motion to suppress evidence and by the admission of such evidence at the trial.

In view of our disposition herein, other grounds of error will not be discussed; however, in the event of another trial, we have grave doubts concerning the admissibility of evidence relating to the political beliefs of the appellants and the admissibility of the weapons found in the car. See Webber v. State, Tex.Cr.App., 472 S.W.2d 136.

The judgments are reversed and the causes remanded.

8. Such Article states: "Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."