Massey v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-203-CR

     THOMAS GALEN MASSEY,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court at Law
Brazos County, Texas
Trial Court # 297-91
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant was charged by information with and pleaded guilty, conditionally, to the offense
of driving while intoxicated. Appellant announced to the court that he wished to appeal pretrial
motions. The court found Appellant guilty and sentenced him to ninety days in jail, probated for
one year, a $300 fine, court costs, forty hours community service restitution, alcohol education,
and an alcohol evaluation to be made by the probation department. Appellant is appealing the
denial of two pretrial motions made during a hearing prior to his guilty plea. He also claims that
the court lacked jurisdiction because the complaint was fundamentally defective. We will reverse
the judgment and remand for acquittal.
      Appellant's first point on appeal asserts that the court erred in denying his motion to suppress
evidence. At the pretrial hearing, Appellant claimed that his arrest on January 13, 1991, was
without a warrant and that the evidence seized as a result of the arrest should be suppressed. It
then became the State's burden to establish probable cause for the warrantless arrest. See Amores
v. State, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991); Brown v. State, 481 S.W.2d 106, 109
(Tex. Crim. App. 1972). The State's only evidence of probable cause was an affidavit of the
arresting officer which was admitted over Appellant's objections that the statement constituted
hearsay, was not properly authenticated, and was not self-authenticating under Rule 902 of the
Texas Rules of Criminal Evidence. See Tex. R. Crim. Evid. 902. Appellant further objected that
admission of the affidavit would violate his right to due process and his right to confront the
witness. The arresting officer was unavailable to testify at the hearing, though the State had
previously represented to counsel for Appellant that the officer would in fact be present to testify
at the hearing. The State introduced no other probable cause evidence.
      The court erred in admitting the officer's affidavit without a sponsoring witness and because
the affidavit was not self-authenticating under Rule 902. See id. Because the State introduced no
other evidence to show that probable cause existed for the warrantless arrest, we must sustain
Appellant's first point. 
      Because of the disposition of point one, we do not reach Appellant's remaining points. We
reverse the judgment and remand to the trial court with instructions to enter a judgment of
acquittal.
                                                                                PER CURIAM 

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Reversed and acquittal ordered
Opinion delivered and filed November 18, 1992
Do not publish