ACCEPTED
01-14-00966-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/29/2015 10:21:46 AM
CHRISTOPHER PRINE
CLERK

NO. 01-14-00966-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/29/2015 10:21:46 AM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
OF TEXAS AT
HOUSTON, TEXAS

ARKANDI MINNASSIAN

VS.

THE STATE OF TEXAS

Appealed from the District Court
of Harris County, Texas
338th Judicial District
Cause No. 1300894

**APPELLANT'S BRIEF**

Appellant Requests
Oral Argument

DOUGLAS M. DURHAM
State Bar Number: 06278450
2800 Post Oak Boulevard Suite 4100
Houston, Texas 77056
(832) 390 2252 Telephone
ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX.R.APP.P. 38.1(a), the following is a list of all interested

parties in this cause:

1.     ARKANDI MINNASSIAN- Appellant

2.     Sam Adamo - Trial Counsel for Appellant during MTS
        and Plea  of Guilty
        3200 Travis Street, Fourth Floor
        Houston, Texas 77006

2a.    Gary Polland- Trial Counsel for Appellant during Sentencing
        2211 Norfolk, Suite 920
        Houston, Texas 77098

3.     Devon Anderson - District Attorney for Harris County, Texas
        1201 Franklin, Suite 600
        Houston, Texas 77002

4.     Ed McClees- Lead ADA for Harris County, Texas
        1201 Franklin, Suite 600
        Houston, Texas 77002

5.     Allan Curry, Chief Appellate Division, District
        Attorney's Office for Harris County, Texas 1201
        Franklin, Suite 600
        Houston, Texas 77056

/s/  Douglas M. Durham

DOUGLAS M. DURHAM
State Bar Number: 06278450
2800 Post Oak Boulevard Suite 4100
Houston, Texas 77056
(832) 390 2252
Appellant's  Counsel on Appeal

ii

# TABLE OF CONTENTS

Page

Table of Contents…………………………………………………………………………..iii

Index of Authorities (Cases)…………………………………………………………..vi

Constitutions and Statues…………………………………………………………..vii

Preliminary Statement………………………………………………………………1

Statement Regarding Oral Argument……………………………………………..3

Appellant Waives Requests Oral Argument……………………………………...3

Questions Presented………………………………………………………………….3-4

WHETHER THE WARRANTLESS ARREST OF APPELLANT
AND SEARCH OF A LAPTOP FOUND IN VEHICLE, WITHOUT
PROBABLE CAUSE AND EXIGENT CIRCUMSTANCES, WAS
UNREASONABLE AND VIOLATED THE FOURTH
AMENDMENT OF THE UNITED STATES CONSTITUTION?

WHETHER THE WARRANTLESS ARREST OF APPELLANT
AND SEARCH OF A LAPTOP FOUND IN VEHICLE, WITHOUT
PROBABLE CAUSE AND EXIGENT CIRCUMSTANCES,
VIOLATED § 14.03(a) OF THE TEXAS CODE OF CRIMINAL
PROCEDURE?

WHETHER APPELLANT WAS DENIED EFFECTIVE
ASSISTANCE OF COUNSEL DURING THE SUPPRESSION
HEARING?

WHETHER APPELLANT'S GUILTY PLEA WAS
INVOLUNTARY?

Statement of Facts……………………………………………………………………4

First Point of Error……………………………………………………………...6

       THE WARRANTLESS ARREST OF APPELLANT AND SEARCH OF A LAPTOP FOUND IN VEHICLE, WITHOUT PROBABLE CAUSE AND EXIGENT CIRCUMSTANCES, WAS UNREASONABLE AND VIOLATED THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

  Factual Summary……………………………………………………………6

  Argument and Authorities…………………………………………………..6

  Second Point of Error ………………………………………………………7

       THE WARRANTLESS ARREST OF APPELLANT AND SEARCH OF A LAPTOP FOUND IN VEHICLE, WITHOUT PROBABLE CAUSE AND EXIGENT CIRCUMSTANCES, VIOLATED § 14.03(a) OF THE TEXAS CODE OF CRIMINAL PROCEDURE

  Factual Summary…………………………………………………………..13

  Argument and Authorities…………………………………………………14

Third Point of Error…………………………………………………………….

       APPELLANT'S GUILTY PLEA WAS  INVOLUNTARY

Factual Summary…………………………………………………………13

Argument and Authority……………………………………………………14

Fourth Point of Error………………………………………………………..….16

       APPELLANT WAS DENIED EFFECTIVE ASSISTANCE DURING THE SUPPRESSION HEARING

Factual Summary…………………………………………………………16

Argument and Authorities…………………………………………………16

Conclusion…………………………………………………………………….21

Certificate of Service…………………………………………………………22

**<u>AUTHORITY</u>**                                                      Page

*Abercrombie v. State,* 528 S.W.2d 578 (Tex. Crim. App. 1975)…………..……. .10

*Amores v. State*, 816 S.W.2d. 407 (Tex. Crim. App. 1991)……….….……….. 12

*Bellah v. State,* 641 S.W.2d 641 (Tex. App-El Paso 1982), *affirmed* 653 S.W.2d 795 (Tex. Crim. App. 1983) ……………………………..…………………….10

*Brown v. State*, 481 S.W.2d 106 (Tex. Crim. App. 2006)………………………. 8

*Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995)* …………………13

*Bouchillon v. Collins*, 907 F.2d 589, 595 (5th Cir. 1990)………………………...18

*Chimel v. California,* 395 U.S. 752 (1969)…………………………………………. 8

*Dixon v. State,* 206 S.W.3d 613 (Tex. Cri m. App. 2006)…………………………. 9

*Dyar v. State*, 125 S.W.3d 460 (Tex. Crim. App. 2003)…………..………………11

*Ex parte Battle*, 817 S.W. 2d 81 (Tex. Crim. App. 1991)………………….....…. 17

*Ex Parte Wilson*, 724 S.W.2d 72  (Tex. Crim. App. 1987). ………………………17

*Florida v. Jardines*, 133 S.Ct. 1409 (2013)…………………………………..17

*Galitz v. State*, 617 S.W.2d 949 (Tex. Crim. App. 1981)………….….………… 13

*Heitman v. State,* 815 S.W.2d 690 (Tex. Crim. App. 1991)……………....…….. 5

*Hernandez v. State*, 726 S.W.2d 53, 56 (Tex. Crim. App. 1986)…………..……. 17

*Hill v. Lockhart*, 474 U.S. 52 (1985)……………………….……………… 17

*Hulit v. State*, 982 S.W.2d 431(Tex. Crim. App. 1998)…………………..……… 5

*Illinois v. Gates,* 462 U.S. 213 (1983)…………………………………………….. 8

*Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973)………………….. 4

*Keehn v. State*, 279 SW3d 330 (Tex. Crim. App. 2009)…...………………… 7, 14

*Keith v. State,* 975S.W.2d 433 (Tex. App.--Beaumont 1998, no pet.)…………… .4

*Loesh v. State*, 958 S.W.2d 830 (Tex. Crim. App. 1997)…………………..…… 12

*Lowery v. State,* 843 S.W.2 136 (Tex. App.-Dallas 1992, pet. ref'd) …………9, 10

*Milburn v. State*, 15 S.W.3d 267 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) ……………………………………………………………………..… 18

*Muniz v. State, 851 S.W.2d 238 (Tex. Crim. App. 1993)* …………………………12

*Riley v. California,* 134 S.Ct. 2473 (2014)…………………………………8, 11, 13

*Smith v. State*, 227 S.W.3d 753 (Tex. Crim. App. 2007)……………...………… ….3

*Solis v. State*, 945 S.W.2d 300 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd)....4

*Strickland v. Washington*, 466 U.S. 668 (1984)………………….……..15, 17

*Thomas v. State*, 408 S.W.3d 877 (Tex. Crim. App. 2013)…………………….....5

*U.S. v. Ross*, 456 U.S. 798 (1982)…………………………………..…….7, 9, 14

*Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002)……………….....13

*Wong Sun v. U.S.*, 371 U.S. 471 (1963)…………………………………..…....16

**CONSTITUTIONS AND STATUTES**          Page

TEX. R. CRIM. PRO. § 14.03(a)……………………..……………..…4, 11

TEX. R. CRIM. PRO. § 37.07………………………………………..…….3

TEX. PENAL CODE §32.51 (b) (2013)………..…………..……………2

TEX. R. App. P.   33.1 (a) …………………………………..… 13

TEX. R. APP. P. 33.1(a)(1)……………………………..…… 4

TEX. R. APP. P. 9(i)(2)(B) …………………..…………..………….…22

TEX. R. CRIM. PRO. § 14.03(a)(1)…..…..………………… 8, 14, 15

TEX. R. APP. P. 9(l)(3)………………………….…………20

U. S. CONST. AMEND. IV………………………………4, 8

NO. 14-13-01086-CR

_____

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL
DISTRICT OF TEXAS
HOUSTON, TEXAS

_____

ARKANDI MINNASSIAN

VS.

THE STATE OF TEXAS

_____

Appealed from the District Court
of Harris County, Texas
338th Judicial District
Cause No. 1300894

_____

**APPELLANT'S BRIEF**

_____

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, ARKANDI MINNASSIAN, Appellant in the above

styled and numbered cause and would show the Court as follows:

**PRELIMINARY STATEMENT**

This is an appeal from an adverse ruling on a pre-trial Motion to Suppress,

subsequent guilty plea and sentence[1] of thirty (30) years in prison for the offense of "Fraudulent Possession of Identifying Information" as proscribed by the TEX. PENAL CODE §32.51 (b) (2013). On the 26th day of May 2011, the 178th grand jury of Harris County, Texas returned a one (1) paragraph indictment against the Appellant, in Cause Number 1300894, alleging in paragraph one (1) [omitting the formal parts] that:

> …in Harris County, Texas, ARKANDI MINNASSIAN, hereafter styled the Defendant, heretofore on or about March 29, 2011, did then and there unlawfully, with the intent to defraud harm another, possess fifty or more pieces of identifying information, to wit: an electronic identification number of HUAN HO, CHRIS CELANO, WLIFREDO ARRENDONDO, WEIGUO YIN, WAYNE STOKER, HIURANAND GANGWANI, JIAJIAN ZHONG, GEORGE DILLARD, RONNY LIN, FORREST MORRJS, PRAKASH SHAH, JAVED SYED, JOSEPH GAY, GARY KERR. MICHAEL PERDUE, MOSHIN KASAMALI, ALVIN DOUGHTY, THOMAS DEWITT, TIIOMAS WEHLAGE, TRANG MAI, CHAI-CHU HSU, CHERYL HODGESON, TARIQ SIDDIQUE, EDWARD WONG, STEPHANIE GRIFFIN, MANUEL GODINEZ, DANNY GOZA, ZAHR ALI, LARRY LIN, SAMMY TILLISON, TIMOTHY HARRIS, RANDALL GARDNER, JEFFREY CONDIT, SANDEEPREDDY EADULA, EMILIA COLIN, LI RUIZ, EVA WADE, BILLY CASH, QUAN TON, NANCY VALENTON, SATISH PASARTI, JUNNAHVEE BENSON, BRIAN BOYD, SHEIH CHEN, SHAZAD RAJAN, LINDA HEATH, CHRISTOPHER BRAVO, VOJISLAV LABOVJC, RIAZ DHARANT, RONALD HOWARD, LUCIO VILLEGAS, ORANIT THUNYODOM, SALEEM MOMINKHOJA, JOHN CHEYNEY, PAMELA NEWTON, ERNEST RICHTER, living adult persons, without said persons' consent. (CR-I; p. 16).

On April 22, 2013 the Court granted over objection of trial counsel, the State's

---

[1] The Court sentenced Appellant without a plea agreement following a pre-sentence report.

motion to amend the indictment, specifically: adding after the date of April 29, 2011, the words "*pursuant to one scheme and continuing course of conduct*" and deleting the words "*an electronic identification number*" and replacing with the words "*a telecommunication access device.*" (CR-I; p. 17 and RR-II; p. 4-13). On May 5, 2014, Appellant, following a hearing and adverse ruling on his Motion to Suppress, Appellant executed a waiver of certain constitutional rights (among them his right to a jury trial, confrontation and cross-examination of witnesses) and entered a plea of guilty without an agreed recommendation regarding punishment. (CR-I; p. 479, 493 and RR-III; p. 5-33). Thereafter the matter was reset for preparation of a Pre-sentence report and sentencing hearing. (CR-I; p. 479, 493 and RR-III; p. 5-33). On October 28, 2015, the Court heard and granted Appellant's Motion to Substitute Attorney *Gary Polland* for Attorney *Sam Adamo*. (RR-IV; p. 1-7). On November 7, 2013, the Court conducted a hearing regarding Appellant's Objections to the Pre-sentence Report[2]. (RR-V; p. 2-5). On November 18, 2013, after a punishment hearing the Court sentenced Appellant to thirty (30) years in

---

[2] Appellant's counsel (Gary Polland) objected to the PSI report containing "extraneous offense" evidence. (RR-V; p. 2-5). Specifically, to a "Nevada case that was never filed." (RR-VI; p. 7). Where a PSI report contains information regarding extraneous offenses, Section 3(a)(1) of Article 37.07 of the Texas Code of Criminal Procedure permits a trial court, as a sentencing entity, to consider extraneous misconduct evidence in assessing punishment, even though the extraneous offense has not been shown to have been committed by the defendant beyond a reasonable doubt. *Smith v. State*, 227 S.W.3d 753 (Tex. Crim. App. 2007).

prison[3]. (CR-I; p. 557 and RR-VI; p. 1-22). On May 5, 2014, the Court signed a written certification of Appellant's Right to Appeal, stating "that this criminal case is not a *plea bargain* case and the Defendant has a right to appeal." (CR-I; p. 588). On November 18, 2013, Appellant filed in writing timely notice of appeal. (CR-I; p. 560).

## STATEMENT REGARDING ORAL ARGUMENT

APPELLANT REQUESTS ORAL ARGUMENT

## QUESTIONS PRESENTED

WHETHER THE WARRANTLESS ARREST OF APPELLANT AND SEARCH OF A LAPTOP FOUND IN VEHICLE, WITHOUT PROBABLE CAUSE AND EXIGENT CIRCUMSTANCES, WAS UNREASONABLE AND VIOLATED THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION?

WHETHER THE WARRANTLESS ARREST OF APPELLANT AND SEARCH OF A LAPTOP FOUND IN VEHICLE, WITHOUT PROBABLE CAUSE AND EXIGENT CIRCUMSTANCES, VIOLATED § 14.03(a) OF THE TEXAS CODE OF CRIMINAL PROCEDURE?

---

[3] Appellant was eligible for probation and his co-defendant, Arin Mehrabian was sentenced to 15 years in prison. (RR-VII; p. 40). Texas courts have traditionally held that if the punishment assessed is within the range of punishment established by the legislature under its constitutional authority, there is no violation of the state or federal prohibitions against cruel and unusual punishment. *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Further, no objection was made by trial counsel at time of sentencing as to an Eighth Amendment violation and to the extent that the issue had merit it was waived. *See* TEX. R. APP. P. 33.1(a)(1); *Keith v. State,* 975 S.W.2d 433 (Tex. App.--Beaumont 1998, no pet.); *Solis v. State*, 945 S.W.2d 300 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd).

WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE DURING THE SUPPRESSION HEARING?

WHETHER APPELLANT'S GUILTY PLEA WAS INVOLUNTARY?

## STATEMENT OF FACTS

On May 5, 2014, a hearing on Appellant's Motion to Suppress[4] filed by attorney of record *Sam Adamo* on December 15, 2011, was held by the Court. (CR-I; p. 72 and RR-III; p. 1-43). No witnesses were called during the hearing on the Motion to Suppress. (RR-III; p. 6). State's Exhibit 200 (Federal Search Warrant and Affidavit under Seal) and State's Exhibit 201 (Order Unsealing Federal Search Warrant) were both admitted without objection. (RR-III; p. 7 and State's Exhibits 200 and 201). The relevant parts of probable cause affidavit attached to the Federal Search

---

[4] An earlier Motion to Suppress was filed on June 9, 2011 and signed by Appellant's counsel Bruce Kaye. (CR-I; p. 35).The Motion had no order attached and appears no ruling was entered on this Motion by the Court. (CR-I; p. 46). Without obtaining an adverse ruling, all argument asserted in this Motion to Suppress are not preserved. See *Thomas v. State*, 408 S.W.3d 877 (Tex. Crim. App. 2013). Appellant's Motion to Suppress filed by Sam Adamo, dated December 15, 2011 stated "The United States Constitution amendment IV and Texas Constitution Article 1, section 9, prohibit unreasonable searches, seizures, and arrests." The Texas Court of Criminal Appeals has held "that similarities of the search and seizure provisions in the State and Federal Constitutions, the United States Supreme Court may be permissive authority in interpreting the Texas Constitution." *Hulit v. State*, 982 S.W.2d 431(Tex. Crim. App. 1998). Although Texas Appellate Courts are not bound by federal case law in their analysis of the protections provided by the Texas Constitution Article 1, section 9, Appellant has found no authority to support the argument that the Texas Constitution Article 1, section 9, provides greater protection that the Fourth Amendment. *Heitman v. State,* 815 S.W.2d 690 (Tex. Crim. App. 1991) and cases interpreting *Heitman*.

Warrant purporting to establish probable cause are as following:

"I believe there is probable cause that the above listed property contains the items set forth on Attachment B, hereto, such items constituting evidence, fruits, and property designed for or intended to be used in violations of: Title 18, United States Code (USC) Section 1029 (Access Device Fraud) and 18 USC § 1028 (Identification Documents). I am a Special Agent of the United States Secret Service assigned to the Houston Field Office, and employed since November 2006.

This case originated on 03/25/11, when I was contacted by Special Agent (SA) Troy Sarria, United States Secret Service (USSS), Dallas Field Office, regarding an on-going case in their district involving gas pump skimmers. Through his investigation, SA Sarria determined Minassian is involved in an organized crime ring responsible for distributing highly sophisticated gas pump skimmers to several cities and downloading the credit card numbers, initially thought to be through Bluetooth devices later determined to be via Zigbee Radio technologies…

SA Sarria stated he received information that Minassian would be traveling from Dallas, TX to Houston, TX, on 03/29/11, and departing on 03/30/11. SA Sarria stated Minassian was traveling under the alias Ashot Aslanyan. On 03/28/11, Sgt. Gorski, HPD and Houston Area Fraud Task Force member, was notified 4 skimmers were found in 4 different gas pumps at a Valero gas station located at 11499 Beamer Rd., Houston, TX 77089…

On 3/29/2011 HAFTF conducted surveillance of Minassian upon his arrival into Bush Intercontinental Airport. Minassian departed the airport riding in the passenger seat of a white Nissan Armada, California License Plate (LP) 5GRC174, registered to Arin Mehrabian. Minassian and the driver, later determined to be Arin Mehrabian, drove to the Valero gas station, located at 2404 Bay Area Blvd. Neither the driver nor the passenger attempted to get gas, and approximately 2-3 minutes later, the Nissan Armada departed the scene in an erratic behavior and at a high rate of speed. Mobile surveillance was discontinued.

Continuing on this date, members of the HAFTF conducted stationary surveillance at the Valero gas station, 11499 Beamer Rd.

The Nissan Armada, LP 5GRC174, was observed driving up to the gas station pump and again, neither the driver or the passenger attempted to pump gas. Members of the HAFTF arrested Minassian and Mehiabian without incident. Search incident to arrest revealed an open, powered on, laptop in the passenger seat area, an additional laptop, 2 GPS devices, 6 universal keys for gas pumps, several cell phones, double sided tape, 2 thumb drives, and a USB radio receiver/transmitter device...

Due to the risk of losing the data stored on the computers, the laptops were immediately examined by SA Sparks. Approximately 10,000 credit card numbers and names associated with these numbers were discovered. Efforts are on-going to examine the eight (8) skimmers found at the aforementioned pumps… (RR-VII; p. 25-30).

Further, the Appellant offered (Defendant's Exhibit 1-Memorandum in Support of Motion to Suppress) admitted without objection. (CR-I; p. 464 and RR-III; p. 8). Appellant's "Summary of Argument" (Defendant's Memorandum in Support of Motion to Suppress and Response to State's Brief) was as follows:

"Officers had neither authority to seize Defendant nor to search his car without a warrant. The *State argues* that the warrantless search and seizure were authorized pursuant to the following: (1) a Federal Search Warrant issued six days after officers unlawfully arrested Defendant and unlawfully seized his property; (2) the automobile exception[5] to the warrant requirement; or (3) as a search incident to

---

[5]   Under the automobile exception, law enforcement officials may conduct a warrantless search of a vehicle if it is readily mobile and there is probable cause to believe that it contains contraband. *Keehn v. State*, 279 SW3d 330 (Tex. Crim. App. 2009). The mobility of vehicles generally creates an exigency. *U.S. v. Ross*, 456 U.S. 798 (1982). But see *Riley v. California,* 134 S.Ct. 2473 (2014) which suggests police must have warrant to search a cell phone or computer seized as an incident to a lawful arrest.

arrest. Contrary to the State's arguments, the Defendant will demonstrate the illegality of the State's actions on the following grounds: (i) *no probable cause existed* at the time of the search to authorize a warrantless search *under the automobile exception*; (ii) *no probable cause exists within the four comers of the Federal Search Warrant Affidavit;* (iii) *Officers were not authorized to execute a warrantless arrest* because they did not have probable cause to execute the arrest, and the arrest *did not take place in a suspicious place as required by Texas Code of Criminal Procedure article 14.03(a)(l)*; and (iv) *because officers were not authorized to execute a warrantless arrest,* they could not execute **a valid search incident to the arrest**." (RR-VII; p. 56-57).

## FIRST POINT OF ERROR

THE WARRANTLESS ARREST OF APPELLANT AND SEARCH OF A LAPTOP FOUND IN VEHICLE, WITHOUT PROBABLE CAUSE AND EXIGENT CIRCUMSTANCES, WAS UNREASONABLE AND VIOLATED THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION

## FACTUAL SUMMARY

Appellant adopts the same facts as alleged in the Statement of Facts.

## ARGUMENT AND AUTHORITY

The state must show the existence of probable cause (at the time of the warrantless arrest or search) and circumstances which made the procuring of a warrant impracticable. *Brown v. State*, 481 S.W.2d 106 (Tex. Crim. App. 2006) citing [*Chimel v. California,* 395 U.S. 752 1969]. Probable cause to search exists when the totality of the circumstances provides an officer or magistrate with a substantial basis for concluding that there is a fair probability of finding

8

contraband or evidence at a particular location. *Illinois v. Gates,* 462 U.S. 213 (1983). Probable cause "must be grounded on facts within the knowledge of the officer, which in the judgment of the court would make his faith reasonable." *U.S. v. Ross,* 456 U.S. 798 (1982). Probable cause does not exist when a person "whose identity, reliability, credibility, or basis of knowledge is unestablished, [and he gives] information concerning criminal activity. *Lowery v. State,* 843 S.W.2 136 (Tex. App.-Dallas 1992, pet. ref'd.). *Gates* requires a court to look at the totality of the circumstances when addressing whether a hearsay tip from a confidential informant provides an officer or magistrate with probable cause. *Id.* The Court of Criminal Appeals applies the following factors to determine whether a confidential informant's tip provides probable cause: whether the evidence established that (1) the confidential informant was credible and reliable; (2) the confidential informant was relaying freshly obtained, personally observed information; and (3) the confidential informant provided a wealth of verifiable details. *Dixon v. State,* 206 S.W.3d 613 (Tex. Crim. App. 2006). When dealing with hearsay from an *unnamed confidential informant*, the proven reliability and credibility of the informant are "highly relevant" considerations. *Gates,* 462 U.S. at 231. A conclusory, barebones statement about the reliability and credibility of an informant is inadequate. *Gates,* 462 U.S. at 239.

Where the officer has no prior experience with the confidential informant, the court may look to other facts to determine the reliability and credibility, such as criminal record, employment history, and reputation in the community. *Abercrombie v. State*, 528 S.W.2d 578 (Tex. Crim. App. 1975); *Bellah v. State*, 641 S.W.2d 641 (Tex. App-El Paso 1982), *affirmed* 653 S.W.2d 795 (Tex. Crim. App. 1983).

In *Dixon*, supra., the informant had been 1) reliable in the past (informant had given information on at least five previous occasions that had led to arrests); 2) the information about the suspect was sufficiently detailed (informant told police the suspect's name, location, physical appearance, description of "suspect vehicle" with license plate number, and that he had personally observed the suspect in possession of rock cocaine); 3) the information was verifiable (police went to location and observed suspect siting in car matching the physical description of suspect and make and license plate of car).

By contrast, in *Lowery v. State*, 843 S.W.2d 136 (Tex. App.- Dallas 1992), the Court found there was no basis to conclude that the informant was credible or his information reliable. The information provided was conclusory (informant said he had seen people in suspect's house that were high and he believed that a female in house was exchanging sex for drugs). The Court concluded that these facts were

not of sufficient detail to be verified.

Here, the informant's tip that Appellant was involved in "an organized crime ring responsible for distributing highly sophisticated gas pump skimmers" was nothing more than a conclusory statement. The fact that gas pump skimmers were *previously* found at the same gas stations where Appellant was *later* observed, does not establish "a substantial basis for concluding" that Appellant was engaged in unlawful activity. The reference that Agent Sarria "received information" regarding Appellant's "traveling from Dallas, TX to Houston, TX, on 03/29/11, and departing on 03/30/11" fails to establish: (1) the confidential informant was credible and reliable; (2) the confidential informant was relaying freshly obtained, personally observed information; and (3) the confidential informant provided a wealth of verifiable details."

Lastly, assuming arguendo that the "informant's tip" was sufficiently verified by police surveillance to provide probable cause for a "warrantless arrest." The United States Supreme Court has recently ruled that "police officers generally cannot, search digital information on cell phones or computers seized from defendants as an incident to a lawful arrest, without a search warrant. *Riley v. California,* 134 S.Ct. 2473 (2014).

## SECOND POINT OF ERROR

### THE WARRANTLESS ARREST OF APPELLANT VIOLATED §14.03 (a) OF THE TEXAS CODE OF CRIMINAL PROCEDURE

### ARGUMENT AND AUTHORITY

Texas law imposes a general requirement, subject to exception, that arrests be made pursuant to arrest warrants. *Dyar v. State*, 125 S.W.3d 460 (Tex. Crim. App. 2003). Texas Code of Criminal Procedure permits the warrantless arrest of an individual when: 1) persons found in suspicious places and under circumstances which reasonable show that such persons have been guilty of some felony, violation of title 9, chapter 42, Penal Code, breach of the peace, or offense under 49.02, Penal Code, or threaten, or are about to commit some offense against the laws." The Texas Court of Criminal Appeals interpreted Article 14.03(a)(1), in *Muniz v. State*, 851 S.W.2d 238 (Tex. Crim. App. 1993),  as the functional equivalent of probable cause. Where facts were <u>as consistent</u> *with innocent activity as with criminal activity*, the arrest of a suspect based on those facts is unlawful under Article 14.03 (a) (1). *Amores v. State*, 816 S.W.2d. 407 (Tex. Crim. App. 1991). Judge Cochran in her concurring opinion in *Dyar v. State*, supra., reasoned that analysis of Article 14.03 (a) (1), should be consistent with federal cases

applying the *"exigent circumstances doctrine"* and is the appropriate "analytical framework for future fact scenarios under the statute."

Here, Appellant's conduct, as a mere passenger in a car observed driving to and from gas pumps at two gas stations, is equally consistent with innocent activity[6] and fails to establish probable cause and exigent circumstances justifying a warrantless arrest of Appellant and search of the lap top as an incident thereto. *Loesh v. State*, 958 S.W.2d 830 (Tex. Crim. App. 1997). See also *Riley v. California* 134 S.Ct. 2473 (2014).

## THIRD POINT OF ERROR

### APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING THE SUPPRESSION HEARING

### FACTUAL SUMMARY

Appellant adopts the same facts as alleged in the Statement of Facts.

### ARGUMENT AND AUTHORITY

A motion to suppress is nothing more than a specialized objection to the admissibility of evidence. *Galitz v. State*, 617 S.W.2d 949 (Tex. Crim. App. 1981). To preserve a complaint for appellate review, a party must have presented to the

---

[6] Appellant and his driver could have been using the gas station as a stopping point in order to look at a map or GPS device in order to orient themselves, while in route to some other destination.

trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. Tex. R. App. P. 33.1(a). A defendant's appellate contention must comport with the specific objection made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). An objection stating one legal theory may not be used to support a different legal theory on appeal. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).

Appellant's the Motion to Suppress, filed by Sam Adamo on December 15, 2011 argued that: "The United States Constitution amendment IV and Texas Constitution Article 1, section 9, prohibit unreasonable searches, seizures, and arrests." (CR-I; p. 72). "Texas Code of Criminal Procedure Article 38.23 prohibits introduction of evidence obtained in violation of these constitutional provisions." (CR-I; p. 72). "(A) The warrantless arrest was not authorized under Chapter 14 of the Code of Criminal Procedure and contravened the constitutional protections of the Fourth and Fourteenth Amendments to the United States Constitution and Article One, Section Nine of the Texas Constitution." (CR-I; p. 72). Specifically, citing "Texas Code of Criminal Procedure, Article 14.03(a)(1)" and arguing: (i) "the present facts are insufficient to give officers probable cause to arrest Appellant; (ii) "the suspicious places requirement is not met; (iii) Officer's had ample time to procure an arrest warrant; (B) The Search and Seizure of the

computer's violated Appellant's reasonable expectation of privacy and fails to fall within an exception to the warrant requirement infringing on Appellant's Constitutional Rights." (CR-I; p. 73-75). Appellant's "Memorandum in Support of Motion to Suppress…" filed by Sam Adamo on May 5, 2014, argued: "Officers had neither authority to seize Defendant nor to search his car without a warrant. The *State argues* that the warrantless search and seizure were authorized pursuant to the following: (1) a Federal Search Warrant issued six days after officers unlawfully arrested Defendant and unlawfully seized his property; (2) the automobile exception[7] to the warrant requirement; or (3) as a search incident to arrest. Contrary to the State's arguments, the Defendant will demonstrate the illegality of the State's actions on the following grounds: (i) *no probable cause existed* at the time of the search to authorize a warrantless search *under the automobile exception*; (ii) *no probable cause exists within the four corners of the Federal Search Warrant Affidavit;* (iii) *Officers were not authorized to execute a warrantless arrest* because they did not have probable cause to execute the arrest, and the arrest *did not take place in a suspicious place as required by Texas Code of Criminal Procedure article 14.03(a)(l)*; and (iv) *because officers*

---

[7] Under the automobile exception, law enforcement officials may conduct a warrantless search of a vehicle if it is readily mobile (exigent circumstance) and there is probable cause to believe that it contains contraband. *Keehn v. State*, 279 SW3d 330 (Tex. Crim. App. 2009). See also *U.S. v. Ross*, 456 U.S. 798 (1982).

15

***were not authorized to execute a warrantless arrest,*** they could not execute **a valid search incident to the arrest**." (CR-I; p. 464-465).

To show ineffective assistance of counsel, a defendant must first show that his counsel's performance fell below an objective standard of reasonableness, and second that the deficient performance prejudiced the defendant's case. *Strickland v. Washington*, 466 U.S. 668 (1984). Trial counsel's argument, in his Memorandum in support of the Motion to suppress, that "*no probable cause exists within the four corners of the Federal Search Warrant Affidavit*" further asserts "the Federal Magistrate Judge did not have a substantial basis upon which to find that the facts stated within the four corners of the affidavit gave officers probable cause to believe that evidence of a crime would be found in the Defendant's possession." (CR-I; p. 474). However, he does not address the facts recited in the affidavit that:

> "…Due to the risk of losing the data stored on the computers, the laptops were immediately examined by SA Sparks. Approximately 10,000 credit card numbers and names associated with these numbers were discovered."

The information regarding the credit cards names and numbers found in the lap tops was a fact that appeared within the four corners of the search warrant affidavit. Regardless, in W*ong Sun v. U.S.*, 371 U.S. 471 (1963) the Supreme

16

Court has made clear that any evidence that is obtained by the "exploitation of an illegality" may not be used as evidence. Here Appellant's counsel, failed to argue that the information recovered by the warrantless search of both laptops (names and credit card numbers) was tainted and the fruit of the poisonous tree.[8] Without the inclusion of those facts in the search warrant affidavit, the search warrant affidavit fails to establish probable cause.[9] See also *Florida v. Jardines*, 133 S.Ct. 1409 (2013);[where warrantless entry by dog and canine officer into curtiliage of home and reportedly positive dog sniff tainted probable cause recited in warrant]. To the extent trial counsel failed to specifically argue this *legal theory* (regarding the specific manner and means that the federal search warrant was invalid), he has waived this theory on appeal.

Accordingly, Appellant was denied effective assistance of counsel during the suppression hearing.

## FOURTH POINT OF ERROR

APPELLANT'S GUILTY PLEA WAS INVOLUNTARY

## FACTUAL SUMMARY

Appellant adopts the same facts as alleged in the Statement of Facts.

---

[8]     See W*ong Sun v. U.S.*, 371 U.S. 471 (1963).
[9]     Appellant's arrest was unlawful and entry and search of laptops was unlawful for reasons asserted under points of error one and two in this Brief.

## ARGUMENT AND AUTHORITY

A defendant's election to plead guilty when based upon erroneous advice of counsel is not done voluntarily and knowingly. *Ex parte Battle*, 817 S.W. 2d 81 (Tex. Crim. App. 1991). The test for ineffective assistance of counsel during the plea bargaining process is to show that counsel's representation fell below an objective standard of reasonableness, and that this deficient performance prejudiced the defense. *Ex Parte Wilson*, 724 S.W.2d 72 (Tex. Crim. App. 1987). In evaluating a claim of ineffective assistance of counsel arising out of the plea process, this court must apply the *Strickland* test. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Hernandez v. State*, 726 S.W.2d 53, 56 (Tex. Crim. App. 1986). The test requires that the defendant demonstrate that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984). "Reasonable probability" means a "probability sufficient to undermine confidence in the outcome." Id. at 694. Strickland's second prong carries a lower burden of proof than the "preponderance of the evidence" standard applicable to the first prong. *Bouchillon v. Collins*, 907 F.2d 589, 595 (5th Cir. 1990). Appellant need not show that counsel's deficient performance "more likely than

not altered the outcome of the case." *Milburn v. State*, 15 S.W.3d 267, 269 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). Instead, Appellant satisfies the prejudice requirement of *Strickland* by showing "a reasonable probability" that absent counsel's erroneous advice, Appellant *would not have entered his plea.* Without it, the factual basis to support the Court's finding of Appellant's guilt is legally insufficient.

Here, the evidence presented during the Motion for New Trial established, "to a reasonable probability" that Appellant did not believe his trial counsel was prepared for the suppression hearing or trial. After the adverse ruling on the Motion to Suppress, he felt pressured by his trial counsel to enter a plea of guilty, and erroneously believed, if convicted by a jury (after a trial), that the Judge was the exclusive decision maker regarding his sentence. Appellant was led to believe if he went to trial and was convicted he would receive a more severe sentence than if he entered a plea of guilty. He was led to believe that if he entered a plea of guilty he would get a sentence of less than twenty (20) years. (MNT-IV; Exhibit D; p. 287-290 and MNT-IV; Exhibit F; p. 294-295).

# **CONCLUSION**

Accordingly, Appellant's case should be reversed and remanded for a new trial.

Respectfully submitted,

*/s/ Douglas M. Durham*

DOUGLAS M. DURHAM
State Bar Number: 06278450
2800 Post Oak Boulevard Suite 4100
Houston, Texas 77056
Telephone (832) 390 2252
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Appellant's Brief was served on Assistant Criminal District Attorney by hand delivery on this the 29th day of May, 2015.

/s/ Douglas M. Durham

DOUGLAS M. DURHAM

# CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Tex. R. Of App. Procedure 9(l)(3), that the number of words in this Brief is less than 15,000 words to wit: 5507 words, in compliance with Tex. R. Of App. Procedure, 9(i)(2)(B) on this the 29TH day of May, 2015.

_____
/s/ Douglas M. Durham
DOUGLAS M. DURHAM